ICHABOD DAVIS, Plaintiff in Error, *v.* WILLIAM RANDALL *et al.,* Defendants in Error.

### ERROR TO WINNEBAGO.

A petition for a certiorari to bring up proceedings had before a justice of the peace, must stand on its merits ; affidavits in support of or against it cannot be read.

If an applicant for a certiorari asserts that he was misled by the opposite party, he should state how and by what he was misled ; and must show diligence, by an inspection of the justice's docket, or otherwise, and should not be chargeable with negligence.

THIS was an application to the Circuit Court of Winnebago, to remove a judgment from a justice of the peace into that court.

The petition of Ichabod Davis, the defendant below, upon which a writ of certiorari was issued by order of the master in chancery, to remove a judgment from a justice's court, in favor of William Randall & Co., against Davis, sets out : That on the second day of July, of the present year, a summons was issued against him by Price B. Webster, Esq., a justice of the peace, in the county of Winnebago, at the suit of William Randall & Co., returnable the ninth day of July, 1859, at one o'clock in the afternoon ; and that the summons was served upon this petitioner ; that at two o'clock in the said return day, the petitioner appeared at the office of the justice, according to the requirement of the summons, and requested him to call the cause ; and that the justice, although not then engaged in any other trial, took no notice of the request ; that petitioner then went out to

obtain a witness, returned to the office in about half an hour afterwards, and there found William Randall and his partner, William T. Crouch, and the justice, footing up figures which appeared to be the account of the plaintiffs against this petitioner; that petitioner thereupon remonstrated against the proceeding, and reminded the plaintiffs of one item of account of ten dollars which he had against them, and of another item or aggregate of items of eight dollars; and that they directed the item of ten dollars to be allowed, and according to the best of petitioner's recollection, the eight dollars also. And that, after some more altercation, William Randall offered that if this petitioner would promise to come and settle with the plaintiffs in twenty days, they would withdraw the suit and pay the costs thereof; that petitioner thereupon stated to Randall that he, petitioner, was going to Iowa, and did not know as he should get back within the twenty days, and stated that he would call and settle as soon as he returned and could find his pass-book, containing his account against the plaintiffs, the book being then mislaid; and that Randall, as petitioner understood, then directed the suit to be discontinued, and petitioner left the office, supposing the suit had been discontinued; and that petitioner did not know, nor had any intimation to the contrary, or that a judgment had been rendered against him in the cause, until on or about the fifteenth day of August last past, when a constable stated to him that he had an execution upon a judgment in the cause—which time was more than twenty days from the date of the judgment; so that this petitioner never had an opportunity to take an appeal from the judgment in the ordinary way. The petitioner therefore prays, etc.

A writ of certiorari was issued upon this petition.

On the 14th February, 1860, the plaintiffs below filed a motion to dismiss the certiorari, assigning as reasons that the petition is insufficient, indefinite and uncertain, and the defendant does not show facts to bring himself within the law as entitled to the writ; and that he will show by affidavit its untruthfulness.

The motion to dismiss the certiorari was taken up on the 5th October, 1860.

The petition having been read as it appears on the files in the cause, the appellees (plaintiffs) offered, in order to disprove facts alleged in the petition, two affidavits of William Russell, plaintiff, and two affidavits of the justice, Price B. Webster.

The defendant's counsel objected to the introduction of the affidavits, on the ground that the facts stated in the petition were to be taken as true, and the truth thereof could not be tried by affidavit.

The applicant for the certiorari then produced the affidavits of John R. Herring, Allen Rice and Michael Clarke.

The court, after hearing the arguments of counsel, refused to admit the affidavits, and upon inspecting the petition, expressed the opinion that the same was not sufficient to sustain the writ of certiorari, it appearing to the court that the defendant was negligent in not ascertaining that judgment had been rendered against him by the justice of the peace; that he was bound to know what judgment the justice rendered.

And thereupon the court sustained the motion to dismiss the writ of certiorari, and the defendant excepted.

The assignment of errors is as follows:

That the petition is sufficient to sustain the writ of certiorari, and the Circuit Court erred in giving the opinion that the same was insufficient on the ground that Ichabod Davis was negligent in not ascertaining that the justice had rendered judgment against him, and that he was bound to know what judgment the justice rendered.

That the Circuit Court erred in refusing to consider the affidavits, after Davis had waived his objections to the same, and had offered them to the court on his part.

That the Circuit Court ought to have overruled the motion to dismiss the writ of certiorari, and not to have sustained it.

BURNAP & HARVEY, for Plaintiff in Error.

WARNER & BRAZEE, for Defendants in Error.

BREESE, J.   We are satisfied the Circuit Court decided correctly on both the points made by the appellant.   There is no provision in the statute authorizing a writ of *certiorari* to bring up the proceedings from a justice of the peace, which allows affidavits to be read in support of, or against the petition for such purpose.   That must stand on its own merits, and be tested by itself, without extraneous support.

This petition does not conform to the statute.   It does not show proper diligence.   It should state clearly, what the plaintiff in the action said, to induce him to understand the suit was dismissed, or that no further proceedings were to be had in the case.   It was in the power of the petitioner to inspect the justice's docket, and see what order, if any, had been entered.   He shows no reason why that was not done, and is therefore chargeable with negligence, the law requiring, in such cases, at least ordinary diligence.

The judgment is affirmed.                    *Judgment affirmed.*