Heath et al. v. Jones.

---

## MONROE HEATH ET AL.
### v.
## FERNANDO JONES.

1. WHEN EQUITY WILL NOT RELIEVE—NEGLIGENCE OR LACHES.— A party who is prevented from enforcing his claim in a court of law by reason of his own negligence or laches, or that of his attorney, can have no standing in a court of equity.

2. FAILURE TO FILE TRANSCRIPT IN TIME.—Where a plaintiff through the negligence of his attorney, failed to have the transcript of a judgment of reversal of this court filed in the lower court within the two years prescribed by the statute, and the right of action in the original suit had meanwhile become barred by the Statute of Limitations. *Held*, that plaintiff had no relief in equity.

APPEAL from the Circuit Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding. Opinion filed January 3, 1883.

This was a bill in chancery by Jones, appellee, against Heath and Milligan, appellants, to recover upon a purely legal indebtedness, viz.: for a quantity of bricks sold and delivered by the former to the latter, August 18, 1870, upon the ground of mistake of fact. The material facts are that August 12, 1875, Jones brought a suit at law, in the Superior Court of Cook County, against Heath and Milligan to recover the price of said bricks, and obtained judgment, from which the latter took an appeal to the Appellate Court of the First District, where such judgment was reversed and the cause remanded. That judgment was duly entered June 4, 1878. The latter part of 1879, or early part of 1880, Jones, who was then in Europe on a visit, wrote to an attorney residing in Chicago, but who had been practicing only since the year 1878, directing him to get a transcript from the appellate court filed in the lower court, in time. This attorney, so directed, instead of stepping into the office of the clerk of the appellate court, and there ascertaining from the docket precisely when said judgment was entered, testified that some time in February, 1880, he telephoned to said clerk asking him when the judgment was entered in that case; that he received an answer that it was entered June 8, 1878; that he asked back again if it was June 8th, and received a reply that it was; that thereupon he took a calendar he had in his office, and made a memorandum against June 1st, to look after this matter; that on the latter day, he went to the office of said clerk to find out the amount of costs, and order a transcript; that he found nobody in the clerk's office but an old man, that he told him what he wanted and asked him what were the proper steps to be taken; that the old man told him he did not know, that all the men who did know were at the national convention; that he went there three or four times thereafter for the same purpose, but at last on the evening of the 6th, finding nobody there, he discovered an open book containing blanks for orders for transcripts; that he had never got a transcript before, and did not know they kept such a book; that he put his order down and called the old man's attention to it, and next morning the transcript was ready, and he paid the costs and took it.

Heath et al. v. Jones.

He further testified that he had thought the ten days' notice had to be given before the transcript was filed ; so on the 29th of May, he had given Heath and Milligan notice that he would reinstate the cause on the 7th of June; that he found out afterward that the ten days' notice was required to be given after the transcript was filed ; so he filed the transcript on the 7th of June, and thereupon gave the ten days' notice ; that when the motion came up for hearing, it was objected on the part of Heath and Milligan, that the transcript was not filed in the lower court in time, and then he found out for the first time that the judgment of reversal was entered in the appellate court on the 4th of June, 1878. He testified that after the time when he telephoned the clerk to ascertain the time of such entry, which was in February, 1880, he made no search to ascertain the time of such entry.

There was a conflict of testimony respecting the fact of the sale of the brick by appellee to appellants, which, if made at all, was in August, 1870. The court upon hearing on bill, answer, replication and proofs (the above being the only evidence as to the alleged mistake of fact) rendered a decree against Heath and Milligan for $290.52 with costs, from which they took an appeal to this court.

Mr. Jesse B. Barton, for appellants; that equity will not grant relief on a mistake of law, unless the construction of the law be doubtful, cited Shafer v. Davis, 13 Ill. 395; Stover v. Mitchell, 45 Ill. 213; Kerr on Fraud and Mistake, 396.

Where the means of inquiry are equally open to both parties, if a mistake occur without any fraud or falsehood, no relief can be granted on account of the mistake alone: Daniel v. Mitchell, 1 Story, 172; Warner v. Daniels, 1 W. & M. 90; Hill v. Bush, 19 Ark. 522; Jouzin v. Toulmier, 9 Ala. 662; . Kite v. Lampkin, 40 Ga. 506; Smith v. Wheeler, N. W. Rep. June 24, 1882, p. 626.

When reference is made to files and records for greater certainty, it is the duty of the court to consider them when requested to do so by party other than one making the allegation: Nelson v. Pinegar, 30 Ill. 473.

The court erred in refusing appellant's request to amend their answer by eliminating the admission: Maher v. Buell, 39 Ill. 531; Wylder v. Crane, 53 Ill. 490.

Mr. GEORGE R. GRANT, for appellee; that mistake of counsel will be relieved, cited Levy v. Joyce, 1 Bosworth, 622; Garrett v. Perryman, 1 & 2 Overton (Tenn.), 497; Bank of Rochester v. Emmerson, 10 Paige, 365; Jordan v. Stevens, 51 Me. 478; Call v. Miller, 3 Paige, 191.

Equity will relieve from mistake induced by erroneous information furnished by clerk, and relied on and acted on in good faith: Chambers v. Smith, 1 Hammond L. & E. N. C. 366; Evans v. Jones, 4 Caldwell (Tenn.), 600; Steele v. Harris, R. & T. Term, Battle, N. C. 440; Gage v. Scales, 100 Ill. 218; Seymour v. Miller, 32 Conn. 402.

Appellants are estopped to set up any other contract than that reduced to writing: Kimball v. Custer, 73 Ill. 389; Merchants Ins. Co. v. Morrison, 62 Ill. 242.

McALLISTER, J. This is a bill in equity brought by plaintiff in an action at law to recover an alleged legal debt, and who had obtained judgment upon such debt, but which judgment had, upon appeal to this court, been reversed with a remanding order; but by mistake of fact, as it is alleged, such plaintiff had failed to have the transcript of such judgment of reversal, etc., filed in the lower court within the two years prescribed by the statute, the right of action in the original suit having meanwhile become barred by the Statute of Limitations.

Section eighty-four of the statute provides that "When a cause or proceeding is remanded by the Supreme Court upon a transcript of the Supreme Court remanding the same being filed in the court from which the cause or proceeding was removed, and not less than ten days' notice thereof being given to the adverse party, or his attorney, the cause or proceeding shall be reinstated therein."

Then the eighty-fifth section declares, "If neither party shall file such transcript within two years from the time of the mak-

Heath et al. v. Jones.

ing of the final order of the Supreme Court reversing any cause or proceeding, the cause shall be considered as abandoned, and no further action shall be had therein." The provisions of these sections are, by statute, made applicable to causes or proceedings removed to the appellate courts; and it is to be relieved from the effect of them, that the bill in this case was brought, the transcript of the final order of this court not having been filed until three days after the lapse of the two years from the entry of such order.

In coming into a court of equity and asking it to supply and administer within its own jurisdiction, a substitute for his alleged legal rights, the plaintiff was not only bound to show, and that clearly, that he had such legal rights; but he was bound to show that he had been deprived of those rights by fraud, mistake, accident or surprise, without laches, negligence or default on his part, or on the part of those representing him. Clark v. Ewing, 93 Ill. 572, and the cases there cited.

There is no evidence that the defendants below, or their attorneys, contributed in any respect to the plaintiff's failure to get the transcript filed in the lower court, within the time prescribed by the statute, by any fraud, or other misconduct, on their part. The case, therefore, upon the evidence, rests solely on the simple ground of a mistake of fact, on the part of the plaintiff below; and that fact was nothing more nor less than the date of the entry of the final judgment of the reversal in this court, which was June 4, 1878, and manifested by the docket and records of the court, made public by the law and accessible, in fact, to the plaintiff and his attorney. The fact itself of such date, was, it may be conceded, material to the doing the act of getting a transcript from this court, and having it filed in the lower court within two years from such date. In speaking of the doctrine of relief in equity, upon a mistake of fact, Judge Story says: "It is not, however, sufficient in all cases, to give the party relief, that the fact is material; but it must be such as he could not by reasonable diligence get knowledge of when he was put upon inquiry. For if by such reasonable diligence he could have obtained

knowledge of the fact, equity will not relieve him, since that would be to encourage culpable negligence. Thus, if a party has lost his cause at law from the want of proof of a fact, which by ordinary diligence he could have obtained, he is not relievable in equity; for the general rule is, that if the party becomes remediless at law by his own negligence, equity will not relieve him." 1 Story Eq. Jur. § 146.

The court is of the opinion that the failure to have such transcript filed in the lower court within the two years, was, from the plaintiff's own showing, due to the negligence of the plaintiff and his attorney. Two years is a long space of time in which to do such an act. The parties all resided, and the courts in question were both held, in the city of Chicago. The plaintiff employed an attorney, who had been in practice only about a year, and who, from his own testimony, was ignorant of the necessary steps to be taken; and, what is worse, he did not, as he ought, set about informing himself, before he undertook to go through with them. Instead of going to the office of the clerk of this court and ascertaining the true date of the judgment of reversal, from the docket, or records, he contents himself by making an inquiry of the clerk, through a telephone, a new instrumentality, necessarily subject to greater uncertainties, than a talk with the clerk face to face. He says he was thus informed that the date of such judgment was June 8, 1878. It was, in fact, June 4, 1878. Resting upon this uncertain method of inquiry, he failed to make any personal examination of the docket; and even when in the clerk's office, on the 1st of June, about this very business, he did not examine the docket which contained the certain information, and which was lying there, as it is at all times during business hours; accessible to any one wishing to consult it. Nor did he inquire about this docket of the old gentleman who was there in attendance. But he did inquire of the old gentleman what steps he should take to accomplish his business. He was not sufficiently acquainted with the practice, to then and there write and leave a præcipe for a transcript of such final judgment.

That is the usual and ordinary practice; and, as the evi-

dence shows, if he had pursued that practice, he would have had his transcript ready for him on the following morning. When he was there on the 6th of June, then too late, he happened to discover that the clerk kept blanks for such præcipes, in a book which chanced to be open. This suggested the course to be pursued. He filled out a blank, thus making the proper præcipe for a transcript, and although the clerk and deputy were out at the time attending the Republican national convention, yet having left such præcipe, the attorney on the following morning, found the desired transcript ready for him. Thus showing that if he had left such præcipe on the 1st of June when he was there, as any attorney of reasonable skill would have done, he would have had the transcript, in time to have filed in the lower court, before the 4th of that month. But so inattentive was he, that he did not even read the statute governing the procedure. Therefore, we find him giving notice to the adverse parties on the 29th of May, long before he had obtained any transcript, that he would move to reinstate the cause in the lower court, on the 7th of the then next June; when if he had examined the law, he would have found that no notice was authorized until the transcript was filed in the lower court. He filed the transcript on the 7th of June and then gave notice of a motion to reinstate on the 21st of same month, and he seems to have never found out that he was too late, until he was told by the opposite counsel, and the court on the hearing of that motion.

In our opinion it was wholly owing to his own want of skill and diligence that he did not. It was in his power, and it was his duty, to inspect the docket of this court, either before, or when he was in the clerk's office, where it was accessible, on the 1st of June. He shows no reason why he did not. He did not even inquire for it. Davis v. Randall, 26 Ill. 243.

He should have then written and left his præcipe for the transcript; so that, if the clerk had neglected to prepare it, within a reasonable time, he would have been liable for the damages. It makes no difference, that the legal claim of the

plaintiff against the defendant was ever so clearly established; if he was prevented from enforcing it in a court of law, by reason of his own negligence, or laches, or that of his attorney, he can have no standing in a court of equity.    Clark v. Ewing, *supra*.

It is exceedingly unpleasant for the writer of this opinion to thus criticize the professional acts of the young attorney who had charge of this matter; but the duty was unavoidable, though it might, perhaps, have been done in a less offensive manner, by a more skillful pen.    The decree of the court below will be reversed and the bill dismissed.

Decree reversed.