## SMALL ET AL. V. BISCHELBERGER.

| 7 563 | 3a 286 |

1. In Colorado there are two different proceedings by *certiorari:* One to review the action of an inferior tribunal, board or officer; the other to secure the trial *de novo* of causes previously heard by justices of the peace.

2. Where plaintiff, in an action pending before a justice of the peace, agrees, for a valuable consideration, to dismiss the action, and the defendant performs his part of the contract, but the plaintiff, in violation thereof, proceeds to judgment without defendant's knowledge, and purposely withholds execution and levy until the time for appeal has expired, the defendant may have his remedy by *certiorari.*

3. Upon motion to quash the writ of *certiorari* the averments thereof are admitted as in case of demurrer.

4. Under the statute, no issue can be made or tried as to the truthfulness of those averments in the petition which give the court jurisdiction, through the proceeding by *certiorari*, to try the cause *de novo;* the respondent's rights seem, in this particular, to be protected by the bond required of the petitioner, and the liability of the latter to prosecution for perjury if these averments are knowingly false.

### *Error to County Court of Pueblo County.*

THE case is stated in the opinion.

Messrs. WESCOTT and IRWIN, for plaintiffs in error.

Mr. J. M. WALDRON, for defendant in error.

HELM, J. This cause was first tried before a justice of the peace; it was afterward removed to the county court by *certiorari* and there tried *de novo;* the proceedings in the latter court are now before us for review, upon error.

A preliminary question relating to the jurisdiction of county courts in connection with *certiorari* ought perhaps to be noticed. In this state there are two statutory proceedings under this title: one for the purpose of reviewing, under certain circumstances, the action of an inferior tribunal, board or officer; the other for the purpose of securing the trial *de novo* of causes previously heard by justices of the peace, where, without fault on his part, the petitioner is unable to take his appeal in the ordinary way. The former is provided for in chapter 29 of Dawson's Code; the latter in the General Statutes,

section 1992 *et seq.* Under the former, no justice, *county* or mayor's court can entertain jurisdiction; under the latter, the county court is expressly authorized to do so. Section 323 of the code, being a subsequent provision, might perhaps be construed as depriving the county court of the right to jurisdiction under any circumstances, were it not for the proviso in section 332 of that instrument. This proviso clearly preserves the system in the General Statutes, so far at least as county courts are concerned.

The *certiorari* proceeding now before us for review was had under the system provided in the General Statutes; hence there is no question as to the jurisdiction of the county court to issue this writ in a proper case. Section 1995 requires that petitioner shall show in his petition three things, viz.: *First,* that the judgment before the justice was not the result of negligence on his part; *second,* that the judgment, in his opinion, is erroneous and unjust, stating wherein such error and injustice consist; and *third,* that it was not in his power to take an appeal in the ordinary way, setting forth the particular circumstances which prevented him from so doing.

No objection seems to have been made or argued in the county court, and none is argued here, as to the sufficiency of the petition in stating the second of the foregoing grounds; but a motion was interposed to quash the writ and dismiss the appeal upon insufficiency in the averments of the first and third.

The petition contained the following, among other statements: That on the day set for trial of the cause before the justice, but previous to the hour fixed, one of the defendants in error came to petitioner and proposed to dismiss the suit provided he would execute a certain deed theretofore placed in escrow; that he accepted the proposition, immediately executed said deed, and notified defendants in error that he had done so; that, relying upon the promise to dismiss, petitioner did not appear before the justice; but that instead of

dismissing the cause, plaintiffs in error, in violation of their agreement and in fraud of petitioner's rights, procured a judgment; that they withheld the levy of execution until after the time allowed by law for taking an appeal had expired, for the purpose of cutting him off from procuring a re-trial in the higher court; and that until the levy of execution, nineteen days after judgment, petitioner was wholly ignorant that the same had been rendered against him; he supposing all of the time that defendants in error had complied with their contract to dismiss the case.

We think the application to quash was properly overruled. For the purposes of this motion the foregoing matters stated in the petition must be taken as literally true.

The promise of Small, one of the partners and plaintiffs, to dismiss the action, was supported by a valuable consideration; it constituted the material feature, so far as they were concerned, of a valid and binding contract. Having fulfilled his part of this contract, and notified plaintiffs in the pending suit of such performance, petitioner had a right to rely upon the observance by them of their promise to dismiss; and under the circumstances, it was a fraud on their part to take the judgment. Suppose that, instead of executing the deed mentioned, petitioner had paid a sum of money agreed upon, in consideration of the promise to dismiss the suit; would any lawyer maintain that it was still his duty to attend before the justice and see that plaintiffs carried out their part of the contract? We think not; he would be perfectly justified, in either case, in presuming that they would treat him with the same good faith he had himself displayed.

It follows, of course, from this conclusion, that petitioner's neglect to take his appeal within the time allowed by law is excusable; for if the judgment against him was wrongfully and fraudulently obtained, and he had

no knowledge thereof, he cannot be held negligent for not taking an appeal in the ordinary way. Any doubts upon this subject would be removed by the averments of the petition that plaintiffs intentionally withheld the execution levy, for the purpose of preventing the appeal.

To deny the writ in this case would be allowing one to reap the benefit resulting from his own violation of a binding contract, where such breach thereof is characterized by bad faith amounting to fraud.

The case at bar is readily distinguishable from *Tilton v. Larimer County Ag. Association,* 6 Col. 288, cited by counsel. There the promise to dismiss was without any consideration whatever, and there was no legal obligation to perform; besides this fact, petitioner was a corporation, and the petition failed to name the individual to whom the promise was made; it also failed to state that such person had authority to act in the premises.

The court say: "If the naked promise of a plaintiff to dismiss a pending action is sufficient to excuse a party defendant from any further attention to the case, it certainly can only have this effect when made to some one duly authorized to represent the defendant."

The foregoing discussion is based upon the principle already stated, that, for the purposes of the motion to quash, the averments of the petition are assumed to be true. But it appears that after denial of this motion, and before the trial, plaintiffs in error offered to prove, by witnesses then present, that many of the averments were wholly false; this the court refused to allow, and upon such refusal rests the second assignment of error.

Two cases are cited by counsel which seem to sustain the propriety of the proceeding proposed, viz.: *The State v. Woodward,* 9 N. J. L. R. 21, and *Rutland v. County Commissioners,* 20 Pick. 71.

We are unable to learn from an examination of these cases whether those *certiorari* proceedings were statutory or under the common law. Certain it is that the

procedure there considered was different from that which we have.    Counsel frankly admit that statutes exactly similar to ours have received a construction conflicting with the one they now urge upon us.    In *Davis v. Randall et al.* 26 Ill. 243, the court declare that "there is no provision in the statute authorizing a writ of *certiorari* to bring up proceedings from a justice of the peace, which allows affidavits to be read in support of or against the petition for such purpose.    That must stand on its own merits, and be tested by itself, without extraneous support."

We find nothing in the statutes under which the writ in this case was issued authorizing a trial, by affidavit or testimony, of the truthfulness of the matters averred in the petition on the subject of negligence at the trial, or of failure to take an appeal in the ordinary way; and we are not at liberty to supply the requisite legislative provision.

Our answer to the clear and cogent suggestions of counsel must be, that a sufficient bond is required, and, as in ordinary appeals, no substantial injustice should result in the end; also, that the petition must be under oath, and petitioner is liable to prosecution for perjury if its averments are knowingly false.

We now discover no objection to the law announced in *Finnerty et al. v. Fritz,* 5 Col. 179, and other cases cited. But we do not think that the record brings this cause within the principle of agency, upon which counsel rely.

The third and last assignment of error which we shall consider challenges the findings and judgment, as being contrary to the weight of evidence.

Without reviewing in full the evidence, it is sufficient for us to say that we would not be warranted thereby in disturbing the judgment.    There is testimony to uphold the theory of counsel for plaintiffs in error, but it is disputed, and the judgment may well be permitted to stand. It is certain that the sale of the land was never consum-

mated, and that defendant in error has received no purchase money.    To reverse the judgment, we would have to find that the commission was not payable out of the proceeds; that plaintiffs in error brought a responsible and willing purchaser, acceptable to defendant in error, upon satisfactory terms; and that, solely through the negligence or default.of defendant in error, the sale was prevented.    This we are not prepared to do, and the judgment is affirmed.

*Affirmed.*