## PACIFIC EXPRESS COMPANY

### v.

### R. M. PEADRO.

*Practice—Appeal from Justice—Control of by Appellant—*Procedendo *—Jurisdiction—Presumption.*

1. An appeal by the plaintiff in a suit before a Justice, from a judgment in his favor, may be dismissed by him against the wishes of the appellee.

2. Upon the dismissal of an appeal from a Justice it is proper to award a *procedendo.*

3. In the absence of anything to the contrary appearing in the record the regularity of judicial proceedings is presumed.

[Opinion filed February 17, 1887.]

APPEAL from the County Court of Moultrie County; the Hon. J. MEEKER, Judge, presiding.

Messrs. W. H. SHINN and WALTER ROSE, for appellant.

Messrs. COCHRAN & HARBAUGH, for appellee.

WALL, J. The appellee brought suit against appellant before a Justice of the Peace and obtained a judgment for $37.70. From this judgment he took an appeal to the County Court, the appeal bond being filed before and approved by the Justice. In the County Court the plaintiff, appellee here, being the appellant there, moved for leave to dismiss his appeal, which was allowed and the appeal dismissed with *procedendo* to the Justice.

The defendant, appellee there, objected to the ruling of the County Court and having brought the record here by appeal assigns error thereon.

The point involved was expressly decided by the Supreme Court in Bacon v. Lawrence, 26 Ill. 53, where it was held that an appellant had an undoubted right to dismiss his own appeal and that, if the other party was dissatisfied with the decision of the Justice, he should have taken an appeal also. Taking an appeal by one party does not deprive the other of the right to do the same thing. A party may appeal from a decision in his favor. Kasting v. Kasting, 47 Ill. 438. The appeal having been dismissed it was proper to award a *procedendo* requiring the Justice to proceed with the collection of the judgment. Reed v. Driscoll, 84 Ill. 96.

It is suggested the Justice lost jurisdiction by taking the case under advisement. The question does not arise, as we think, in the present condition of the record, but it seems that appellant misapprehended the fact.

The transcript recites that the case was tried by the Justice on the 4th day of May and taken under advisement, the time for rendering decision being set at 10 A. M. the next day, and on that day, though the hour is not stated, the case was decided. It is to be presumed it was at the hour fixed by the previous order. The judgment is affirmed.

*Judgment affirmed.*