### AUSTIN ET AL. v. BUSH.

Where defendants in an action of replevin do not appear, relying upon the assurance of the constable, to whom they give up the property, that they need do nothing further, and that he will have the suit dismissed, there is not such diligence as entitles them to *certiorari* to the county court, under General Statutes, 1883, section 1995, relating to *certiorari*.

*Error to Arapahoe County Court.*

THE facts are stated in the opinion.

Mr. C. H. TOLL, for plaintiffs in error.

Messrs. BENTLEY and VAILE, for defendant in error.

DE FRANCE, C.   On the 5th of January, 1883, the de-
fendant in error obtained judgment against the plaintiffs
in error, in a justice of the peace court, in the county of
Arapahoe.   On the 17th of March, 1883, the plaintiffs in
error filed a petition in the county court of said county,
asking that the action in which said judgment was
rendered be removed to said county court by writ of
*certiorari*, which was done.   The defendant in error after-
wards filed a motion to quash the writ of *certiorari*, and
to dismiss the proceedings had and taken in pursuance
thereof, on the grounds — *First*, that the petition for
said writ does not show that the judgment before the
justice of the peace was not the result of negligence of
the party praying for such writ; *second*, that the petition
does not show that said judgment was unjust; *third*, that
the petition does not show that it was not in the power
of the defendants to take an appeal in the ordinary way.
This motion was sustained by the court, and a final judg-
ment entered, dismissing the proceedings upon such writ,
and awarding a *procedendo* to such justice's court.   The
case is brought here by a writ of error to the county
court, and the only question to be decided is whether
the petition for the writ of *certiorari* was sufficient to
warrant the issuance thereof.

The action was one of replevin to recover the posses-
sion of sleigh-bells alleged to be of the value of $18.   The
only facts stated in the petition for the writ of *certiorari*,
to show that the judgment was not the result of negli-
gence on the part of the petitioners, are as follows: That,
when the constable came to them to serve the writ of
replevin, they delivered the sleigh-bells to such constable,
stating to him that they did not wish to defend the suit,
and that they would pay the costs; that the constable
thereupon promised them that he would deliver the
sleigh-bells to the plaintiff, have the action dismissed,
and that he would come to them for the costs as soon as
he could ascertain their amount; that they inquired of

said constable whether it was necessary for them to appear before the justice in said action, or to do anything further therein, and that he informed them it was not; that they relied upon the promise of such officer, and supposed the suit had been dismissed, and knew not to the contrary until the 8th day of March following. No additional reasons or facts are stated to show it was not in their power to take an appeal in the ordinary way. The judgment rendered by the justice was to the effect that the plaintiff retain the property, and have and recover the sum of $50 damages for the detention thereof. It seems incredible that damages to that extent could accrue simply on account of detaining property alleged in the affidavit for replevin to be worth only $18. How a justice or court, acting under the obligations of a solemn oath, could render such an unconscionable judgment is beyond our conception. But, notwithstanding this hardship and injustice, we are compelled to follow the uniform, and, as we think, proper, construction given to the section of the statute which authorizes the writ of *certiorari* in such cases. This statute is designed for exceptional cases, and gives this additional remedy, by *certiorari*, to those, and those only, who fairly come within its provisions. The law, in general, requires at least ordinary diligence of those who claim its protection, and especially of parties litigant. But it is said that before a party is entitled to the benefit of the writ of *certiorari*, under the section of law in question, he must "use something more than ordinary diligence to perfect his appeal" in the ordinary way (*Lord v. Burke*, 4 Gilman, 367); and the same degree of care, we imagine, should be exercised to prevent the judgment in the first instance. The facts stated in their petition show a want of even ordinary diligence on the part of plaintiffs in error, both before and after the judgment complained of was rendered against them. To rely upon the mere promise of the constable is not sufficient. And the fail-

ure of the officer, under the promise made, to notify them within a reasonable time of the amount of the costs in the case, should at least have induced an inquiry into the matter upon their part; and, even without such failure on the part of the officer, they should have made proper inquiry, in apt time, as to what disposition had been made of the suit. *Tilton v. Association*, 6 Colo. 288, and cases there cited.

The court below committed no error in dismissing the writ of *certiorari* and awarding a *procedendo*. The judgment should be affirmed.

RISING and STALLCUP, CC., concur.

PER CURIAM. For the reasons assigned in the foregoing opinion the judgment of the county court is affirmed.

*Affirmed.*