THE PUEBLO CHICAGO LUMBER COMPANY v. DANZIGER.

1. APPEALS—DISMISSAL OF.

The dismissal of an appeal from the county court to the district court is not a dismissal of the action; neither does it operate to annul the judgment appealed from.

2. EQUITY.

A matter that has been tried and determined at law cannot be reheard in chancery.

3. INJUNCTION.

Courts of concurrent jurisdiction cannot enjoin each other's judgments.

4. SAME.

A court of equity is without jurisdiction to enjoin a judgment which is merely erroneous.

*Appeal from the District Court of Pueblo County.*

Messrs. HARTMAN & GLENN, for appellant.

Messrs. WHITE & DUNBAUGH, for appellee.

REED, P. J., delivered the opinion of the court.

Appellant brought suit in the county court to obtain a lien upon the property of appellee for materials furnished for the building, claiming a balance of $316.11. A trial was had, resulting in a decree for the plaintiff for $250.27, from which plaintiff (appellant), not being satisfied with the amount, took an appeal to the district court. After the appeal, appellee tendered the amount of the judgment, which was refused. He then paid the money into the county court, and paid the

costs. Subsequently appellant dismissed his appeal in the district court, and tried to obtain the money that had been deposited in the county court, but it had been withdrawn. An execution was then sued out, whereupon appellee filed a complaint by original bill in the district court asking for an injunction restraining the county court from proceeding to collect the money upon execution. A temporary injunction' was issued. Some kind of a hearing was had, in which the district court reviewed the proceedings in the county court, and a final decree was made declaring the judgment of the county court void, because of the appeal to the district court and dismissal of same, declared the law under which the lien was claimed and prosecuted unconstitutional and void, and allowed a perpetual injunction. With allegations in the complaint, the answers and issues, we need have nothing to do. Appellee appears to have been satisfied with the judgment in the county court, took no exception, urged no objection, and tendered the money to pay it. No appeal was taken, nor any attempt at review by appellee, and as to him the matter was *res adjudicata*, the judgment final.

It is seriously urged that the appeal taken to the district court and the dismissal of the appeal by appellant "destroyed and annulled" the judgment of the county court because of the statutory provision that on appeal to the district court the trial shall be *de novo*. This contention cannot prevail. Whether in a court of last resort or an intermediate court, on appeal, appellant can dismiss the appeal and abide by the judgment in the lower court. The dismissal of the appeal was not a dismissal of the case. Its only effect was to reinvest the county court with the jurisdiction, unaffected by appeal proceedings. Appellee could not compel appellant to prosecute his appeal. He, having taken the appeal, could dismiss if he saw fit. See *Callahan v. Jennings*, 16 Colo. 475; Elliott on App. Proc., sec. 535; *Pacific Express Co. v. Peadro*, 25 Ill. App. 75; *Eden Musee Co. v. Yohe*, (Neb.) 55 N. W. Rep. 866; *Hough v. Harvey*, 84 Ill. 308; *Meserve v. Delaney*, 112

Ill. 358; *Hancock Co. v. Marsh*, 2 Scam. 491; *McConnel v. Swailes*, 2 Scam. 572; *Haner v. Polk*, 6 Wis. 352.

Aside from the generally conceded rule as given above, the power to dismiss, which is inherent in the court, is recognized in section 4 of the amended act pertaining to county courts (Sess. Laws, 1885, p. 159), where it is provided that, under certain circumstances, the district court shall affirm the judgment or dismiss the appeal. The latter as well as the former would thus operate to affirm the judgment. If appellee was dissatisfied with the judgment, he could have appealed to the district court and had a trial *de novo*, or have gone to a court of last resort, after the overruling of a motion for a new trial. The only way a party considering himself aggrieved can get a review is, first, by granting a new trial by the trial court; second, by a reversal in a court of review. If he does neither, or takes no steps to obtain either, he is concluded. In this case appellee not only failed to prosecute further, but affirmatively adopted the judgment, and desired to discharge it rather than have appellant retry the case. *Parsons v. Bedford*, 3 Pet. 433; High on Inj., sec. 173; *Railroad Co. v. Harp*, 6 Colo. 420; *Ditch Co. v. Elliott*, 10 Colo. 331, *Bacon v. Lawrence*, 26 Ill. 53; *Borland v. Thornton*, 12 Cal. 440; *Taylor v. Railroad Co.*, (N. Y. App.) 23 N. E. Rep. 1106; *Monroe v. Chaldeck*, 78 Ill. 432.

2. The county court had jurisdiction of the subject-matter of litigation and the parties. So far as this case is concerned, the district and county courts were courts of concurrent and coördinate jurisdiction. It could have been brought in either. Under our statutes, on appeal, the trial in the district court is *de novo* where the appeal is prosecuted. It is not a review of the proceedings in the county court. There was nothing in the complaint asking injunction to confer jurisdiction upon a court of chancery,—no allegation of fraud, accident, or mistake. The rule has been well settled for years that matters which have been tried and determined at law cannot be reheard in chancery.. *Simpson v. Hart*, 1 Johns. Ch. 95; *Cromwell v. Sac County*, 94 U. S. 351; *Davis v. Brown*, 94

U. S. 427; *Price v. Boyd,* 1 Dana, 434. Courts of concurrent jurisdiction cannot enjoin each other. Superior courts cannot enjoin proceedings at law in inferior courts unless some established ground conferring equity jurisdiction is shown. The case of *Smelting Co. v. Finch,* 6 Colo. 214, cited by counsel for appellee, is conclusive against him. The record brought up from the county court in that case showed no jurisdiction of the defendant in the county court for want of service. Hence, the attempt was to enforce a void judgment, and the supreme court held that fact conferred jurisdiction on the court of chancery and warranted an injunction; and the court said, " When a judgment is erroneous merely, or only voidable and not void, a different rule applies." See High on Inj., secs. 15, 22, 34, 35, 81, 113, 133, 179, 225; *Williams v. Carr,* 4 Colo. App. 368; *Platto v. Deuster,* 22 Wis. 460.

It follows that the district court had no jurisdiction, that its decree declaring the judgment in the county court void was erroneous, and its adjudication of the question and decree declaring the mechanic's lien statute invalid were unwarranted and gratuitous. The decree of the district court will be reversed, and the cause remanded to the district court with instructions to dissolve the injunction and dismiss the suit.

*Reversed.*