### Tony O'Farrell, Appellee, v. C. A. Ambrosius et al., Appellants.

APPEALS AND ERRORS—*when motion to redocket cannot be entertained.* After the lapse of two years from the final order of reversal neither party can proceed to have a cause redocketed.

Action on the case for libel. Appeal from the Circuit Court of Madison county; the Hon. R. D. W. HOLDER, Judge, presiding. Heard in this court at the August term, 1908. Affirmed. Opinion filed March 4, 1909.

R. GUY KNEEDLER and B. H. CANBY, for appellants.

LANE & COOPER, for appellee.

MR. PRESIDING JUSTICE MYERS delivered the opinion of the court.

In March, 1904, appellee recovered a judgment in the Circuit Court against appellants in an action on the case for libel. From this judgment appellants appealed to this court where, on March 17, 1905, the judgment was reversed and the cause remanded. No remanding order was ever filed in the trial court, and on December 12, 1907, more than two years after the Appellate Court judgment, the appellants filed their written motion in the Circuit Court to have the said cause redocketed, the suit dismissed, and for a judgment against appellee for the costs incurred by the

appellants in the Circuit Court. A certified copy of the Appellate Court order reversing and remanding the cause on former appeal was attached to and made a part of the motion. On hearing by the court, appellants in support of their motion offered in evidence a fee bill of the appellants' costs in said cause, properly itemized, which amounted to $375.30. The court denied the motion, the appellants excepted and prosecute this appeal to reverse that judgment.

The statute provides that, "If neither party shall file such transcript within two years from the time of making the final order of the Supreme Court or Appellate Court, as the case may be, reversing any judgment or proceeding, the cause shall be considered as abandoned, and no further action shall be had therein." Section 84, Chapter 110, Hurd's Statutes. In this case the transcript was not filed by either party within two years and the question is whether, under the statute, the cause is to be considered as abandoned by *both* parties, and whether any further action by *either* may be had therein. This statute has been construed as a time limitation, within which further proceedings may be had in a cause reversed and remanded by the Appellate Court, and inasmuch as either party may institute such further proceedings by filing a remanding order in the trial court, we think the statute applies and is a limitation affecting both parties, the appellant as well as appellee. The language that "no further action can be had therein." seems clearly to bar the motion—the "action" in this case. The manifest purpose of the statute and° the absence of an express provision limiting its application to the plaintiff in the cause, clearly justifies this conclusion. Any other construction would be contrary to the plainly expressed legislative intent. Heath v. Jones, 12 Ill. App. 493; Austin v. Defour, 110 Ill. 85. The judgment of the Circuit Court will be affirmed.

*Affirmed.*