[No. 7232.]

AMES v. NOSTRUM.

1. JUSTICE OF THE PEACE—*Certiorari*—*Petition*—A petition in the county court for the writ of certiorari to a justice, under Rev. Stat. sec. 3840, alleging merely that petitioner was improperly described in

the summons issued by the justice, not showing wherein the mis-description consists, and that the summons was returnable at a day exceeding the limit prescribed by the statute, not alleging the date of issuance, or the date of return, is insufficient.

The petition must show some sufficient reason for not resorting to an appeal.

2. SUMMONS—*Misnomer of Defendant*—The misnomer of the defendant in a summons issued by a justice of the peace is no ground for certiorari. The service of such summons is as effectual as if the defendant's true name had been given.

*Error to Summit County Court.*—Hon. D. W. FALL, Judge.

Mr. Jos. W. CLARKE, for plaintiff in error.

No appearance for defendant in error.

Mr. JUSTICE WHITE delivered the opinion of the court:

November 27, 1909, plaintiff in error obtained judgment against defendant in error in the court of a justice of the peace of the county of Summit. February 23, 1910, the defendant in error filed a petition in the county court of Summit county, praying that the action in which the judgment was rendered be removed from the justice court to the county court by a writ of *certiorari*, which was accordingly done.

Plaintiff in error thereupon filed a motion to quash the writ of *certiorari*, claiming that the petition therefor was insufficient to warrant the court in issuing the same. The motion was overruled, and thereupon plaintiff asked that the cause proceed to trial *de novo*. The request for trial *de novo* was disallowed, the judgment of the justice of the peace annulled, and the costs assessed against the plaintiff, who brings the matter here for review.

The petition for the writ of *certiorari* shows that on November 27, 1909, judgment was rendered in favor of plaintiff in error; that prior to, and on the same day the judgment was rendered, defendant in error specially appeared before the justice of the peace and objected to the summons issued in the

case, upon the ground that defendant was incorrectly and improperly designated and named therein, and the return day thereof was a designated number of days more than the maximum time limited by the statute; that because of such matters "said judgment is erroneous and unjust to your petitioner, and that it was not in the power of your petitioner to appeal from said judgment in said cause, inasmuch as the taking of said appeal would constitute a waiver on the part of your petitioner of the defects in said summons."

The petition is wholly insufficient. Wherein and how petitioner was incorrectly and improperly designated and named in the summons is not disclosed, and the allegation as to the return day of the summons is no more than a conclusion of the pleader. The petition neither alleged the date the summons was issued, nor the return day designated therein. It is, therefore, lacking in that certainty as to time, which the fundamental rules of pleading require to be alleged in reference to traversable facts. "In personal actions the pleadings must allege the time, that is, the day, month and year when each traversable fact occurred." Andrews Stephen's Pleading, sec. 194.

Moreover, it is clear that it was within the power of defendant in error to take an appeal in the ordinary way. He was served with the summons and appeared before the justice prior to, and on the day of entry of the judgment. The fact, if it be true, that he was improperly designated and named in the summons, is of no concern. He was as truly served with the summons as if he had been served by his right name. *Van Buren v. Posteraro*, 45 Colo. 588, 592. Furthermore, he knew the judgment was entered, and had every opportunity to appeal therefrom, if he desired. A petition to remove a cause from a justice of the peace to the county court by the writ of *certiorari* must present some sufficient reason for not resorting to appeal. *Austin v. Bush*, 11 Colo. 198. It must contain the essential facts the law requires to be stated therein before the

writ can lawfully issue.—Sec. 3840 R. S. 1908, *Small et al. v. Bischelberger,* 7 Colo. 563.

The judgment of the county court was wrong, and is, therefore, reversed, the cause remanded with instructions to quash the writ of *certiorari,* and set aside the proceedings thereon. Mr. Justice Musser and Mr. Justice Bailey concur, the former placing his conclusion solely upon the ground that petitioner had a remedy by appeal.

*Judgment Reversed and Remanded.*

Mr. JUSTICE MUSSER and Mr. JUSTICE BAILEY concur.