## No. 8607.

### JONES *v.* RICE.

1. JUSTICE OF PEACE—*Certiorari.* The provisions of Rev. Stat., sec. 3840, apply only where the party seeking to avail thereof, has, without negligence on his part, been prevented from taking an appeal.

Husband and wife were defendants before a justice. Judgment was given only against the wife. The husband at the conclusion of the trial declared, both for himself and his wife, that he would carry the case to the Supreme Court rather than pay one cent upon the plaintiff's claim. On the afternoon of the last day, upon which an appeal could be perfected, the wife filed her bond in an appeal to the County Court. This appeal was afterwards dismissed. *Held* that the plaintiff was not entitled to a certiorari.

2. APPEAL—*Right of Appellant.* One who appeals from a judgment of a justice of the peace is entitled to control his appeal, and may dismiss it at his pleasure.

*Error to Denver County Court, Hon. E. J. Ingram, Judge.*

Mr. FRANK E. HICKEY, for plaintiffs in error.

Mr. PAUL KNOWLES, for defendant in error.

Chief Justice White delivered the opinion of the court:

RICE prosecuted a suit before a justice of the peace in the City and County of Denver, against Edith and William S. Jones. The defendants filed a counterclaim and thereafter, upon trial, judgment was entered in favor of Rice against the defendant Edith Jones alone, from which judgment she prayed an appeal and filed her bond accordingly. In due time the appeal was lodged in the County Court, and sometime thereafter Rice appeared therein, and paid his docket fee, whereupon appellant did likewise. William S. Jones did not appear nor was he served with summons therein. Thereafter, upon motion of appellant, the appeal was dismissed over the objection of Rice, and he thereupon had the cause, as against both defendants, transferred to and retried in the County Court upon *certiorari*, under the provisions of chapter 78, pages 987, 988, R. S.

1908. Plaintiffs in error questioned the sufficiency of the petition upon which the writ of *certiorari* was issued and moved to quash the writ, which was denied.

The only important question necessary to determine is whether the failure of Rice to appeal from the judgment of the· justice of the peace was inexcusable, or negligent, under the facts and circumstances involved. We are compelled to answer the question in the affirmative. The writ of *certiorari* here employed is a substitute for appeal.· It is applicable only in unusual cases where a party, without negligence on his part, has been prevented from taking an appeal in the ordinary way. *Austin v. Bush,* 11 Colo. 198, 17 Pac. 501. Section 3840, R. S. 1908, provides that the petition shall show that the judgment was not the result of negligence of the petitioner; that it is, in his opinion, erroneous and unjust, setting forth wherein the error and injustice consist, and that it was not in his power to take an appeal in the ordinary way, setting forth the particular circumstances which prevented him from so doing. The facts stated in the petition for not taking an appeal in the ordinary way, briefly stated, are that at the conclusion of the trial William S. Jones, speaking for himself and Edith Jones, stated to plaintiff and his counsel that "he would take the case to the Supreme Court of the state rather than pay anything on account of the claim and suit," and that he and his counsel had thereafter frequently made the same statement; that on the afternoon of the last day within which an appeal in the ordinary way could be taken, Edith Jones perfected an appeal by filing with the justice of the peace her bond for that purpose, and that it was petitioner's intention to take an appeal unless the opposing parties did.

These facts wholly fail to meet the requirements of the statute. In fact, they show a want of even ordinary diligence on the part of Rice to have the judgment reviewed on appeal. *Austin v. Bush, supra.* Neither the assertion of the one nor the action of the other defendant in appealing from the judgment, warranted, or justified, the

plaintiff in failing to appeal in the ordinary way if he was dissatisfied with the judgment. Any party to a suit before a justice of the peace may take an appeal when dissatisfied with the judgment, and thereafter has the right to control the appeal so taken by him, even to the extent of dismissing the same. *Pueblo Chicago Lumber Co. v. Danziger,* 7 Colo. App. 149, 150, 42 Pac. 683. The judgment of the County Court is, therefore, reversed with directions to quash the writ of *certiorari* and to dismiss the appeal.

Reversed with directions.

Decision *en banc.*