No. 10,082.

PEOPLE EX REL. FRANK, ET AL. *v.* BLANCHARD, JUSTICE OF THE PEACE.

Decided June 6, 1921.

Application for writ of certiorari in a case involving a violation of the prohibition act. Application denied.

*Affirmed.*

1. CHANGE OF VENUE—*One Change Only Allowed.* Section 3859, R. S, 1908, confers upon a defendant the right to one change of venue only.

2. CRIMINAL LAW—*Appeal—Advice of District Attorney.* A defendant in a criminal case, represented by counsel, who fails to take an appeal in the ordinary way, and alleges that he was misled by the advice of the deputy district attorney as to the method of perfecting an appeal, which was dismissed, does not make out a case for the issuance of a writ of certiorari.

*Error to the District Court of Montrose County, Hon. Thomas J. Black, Judge.*

Messrs. CATLIN & BLAKE, Mr. EARL BRYANT, for plaintiffs in error.

Mr. VICTOR E. KEYES, attorney general, Mr. FORREST C. NORTHCUTT, assistant, for defendant in error.

*Department One.*

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS cause is before us to review a judgment of the district court of Montrose County denying the application of the plaintiffs in error for a writ of certiorari to a justice of the peace before whom they were tried and convicted of a violation of the prohibition law.

It is claimed by the plaintiffs in error that the justice was without jurisdiction in proceeding to try the case and pronounce sentence, for the reason that they had filed an application for a change of venue before the trial was begun. They had previously obtained a change of venue from another justice of the peace. Both applications for a change of venue were made under section 3859 R. S. 1908. There is a dispute as to whether this section is applicable to criminal cases, but assuming, without deciding that it is, the further question arises whether a defendant is entitled, as a matter of right, to more than one change of venue on the ground that he "cannot have a fair and impartial trial before such justice" to whom the application is made. It is not disputed that if but one change of venue can be obtained by the defendant on such ground, that the justice of the peace before whom the criminal case mentioned and involved in the instant proceeding was finally tried, had jurisdiction, and the district court did not err in denying the application for a writ of certiorari, so far as concerns the question of jurisdiction of the justice of the peace.

In our opinion the statute confers upon a defendant the privilege of having but one change of venue. In 4 Standard Enc. Proc. 1000, it is said:

"As a general rule the statutes which make no provision in regard to a second change are construed as giving the court power to make but one change."

In 16 C. J. 211, sec. 319, the text contains the following:

"By statute, more than one change of venue is sometimes prohibited, and generally, where the statute makes no provision for a second change, a prohibition of more than one change will be implied."

In *State v. Greenwade*, 72 Mo. 298, a case in point, the court said:

"There is nothing in the statute on the subject, but we cannot suppose that the legislature designed to allow a perpetual round of such motions and affidavits by which a trial could be indefinitely postponed."

The plaintiffs in error were not entitled, as a matter of right, to more than one change of venue. The justice of the peace, defendant in error here, to whom the cause was transferred after the first affidavit for change of venue was made, was not ousted of jurisdiction by the filing of another affidavit.

The petition for the writ also set up what is claimed to have been the misconduct of the deputy district attorney in reference to taking an appeal to the county court. In this connection the writ appears to be sought under section 3840 R. S. 1908, on the ground that it was not in the power of the petitioners to take an appeal in the ordinary way. It is alleged that the deputy district attorney misled the petitioners as to the method of perfecting an appeal and thereafter took advantage of the situation by dismissing the appeal. The petitioners, however, were not obliged to take the advice of the deputy district attorney. Moreover, they were represented by their own counsel. Under these circumstances we cannot say that they exercised proper diligence or that it was not in their power to take an appeal in the ordinary way. The petition does not make out a case for the issuance of a writ of certiorari.

The judgment is affirmed.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT, and MR. JUSTICE BURKE concur.