No. 16,193.

SHOTKIN, TRUSTEE ET AL. *v.* DENVER PUBLISHING COMPANY AND PAUL L. CROCKER.
(204 P. [2d] 1080)

Decided March 21, 1949. Rehearing denied April 11, 1949.

Mr. BERNARD M. SHOTKIN, pro se.

Mr. NORMAN E. COBB, for defendant in error Denver Publishing Company.

Mr. J. GLENN DONALDSON, Mr. MALCOLM LINDSEY, Mr. ROBERT L. GEE, for defendant in error Crocker.

*En Banc.*

MR. CHIEF JUSTICE HILLIARD delivered the opinion of the court.

INITIALLY, this was an action by defendant in error Denver Publishing Company before a justice of the peace, against plaintiffs in error, on a claim for advertising. On trial the publishing company enjoyed judgment in the sum of $215.94, with costs. Since justice of the peace courts are not courts of record, the judgment of any such court is not review-

able on error. Whatever the judgment of a justice of the peace in any given case, and regardless of the procedure adopted or employed by the justice in the course of his consideration of the problems involved, the remedy of an aggrieved party therein is by appeal "to the county court of the same county." '35 C. S. A., c. 96, §140. Such appeal must be taken "within ten days from the rendition of the judgment," and within the same period the party seeking to appeal must "enter into bond, with security to be approved," etc. "Within twenty days from the date of the approval of his appeal bond [he must], pay to the clerk of the court to which he takes an appeal, all fees necessary to have the cause docketed and placed on the calendar of said court." §141, Ibid. Plaintiffs in error did not invoke the foregoing sections of the statute within the time so limited, or at all. Instead, they proceeded in the district court, under the provisions of sections 132 and 134 of the same act, and sought trial de novo through petition for writ of certiorari. They made plaintiff in the justice court and the justice of the peace who gave the judgment, parties defendant. In the petition, and their brief here, they submit allegations and claims of what they denominate erroneous acts of the justice of the peace. To their petition for certiorari in the district court, defendants there, appearing separately, and by different counsel, challenged the sufficiency of the petition by appropriate motions, and moved its dismissal. The motions were granted, and costs were adjudged in favor of defendants.

Plaintiffs docketed the case here and writ of error was issued. We granted supersedeas on condition that bond in the sum of five hundred dollars be filed, which was done. Plaintiffs in error, instead of filing their brief on or before February 5, 1949, the time fixed therefor, and without applying for additional time, or leave otherwise, filed it February 9, 1949. Based on the delayed filing, defendants in error, proceeding separately, as in

the district court, moved dismissal here. The record considered, we might well, and justly, act favorably on those motions, and clear our docket of the case; but since plaintiffs in error, seemingly proceeding in great earnestness, has presented their views on the sufficiency of their petition for certiorari—adjudged insufficient below—we have concluded to ignore the lapse of plaintiffs in error in filing their brief, and, not awaiting or requiring briefs from defendants in error in opposition to that of plaintiffs in error, proceed at once to examine the petition on the merits.

 Clearly, as we think, the sections of the statute already cited considered, it was the legislative intent that an aggrieved party in a justice of the peace case, wishing to challenge a judgment given there, should take an appeal directly to the county court. It is true that section 132 of the act does authorize judges of the district and county courts to grant writs of certiorari, but that an aggrieved party may make avail of that authority, it must be shown that in relation to the judgment of which complaint is made, "it was not in the power of the party [complaining] to take an appeal in the ordinary way." '35 C. S. A., c. 96, §135. The certiorari "statute is designed for exceptional cases, and gives this additional remedy * * * to those, and those only, who fairly come within its provisions. The law, in general, requires at least ordinary diligence of those who claim its protection, and especially of parties litigant. But it is said that before a party is entitled to the benefit of the writ of *certiorari*, under the section of the law in question, he must 'use something more than ordinary diligence to perfect his appeal' in the ordinary way." *Austin et al. v. Bush,* 11 Colo. 198, 17 Pac. 501. When plaintiffs in error were sued in the justice court, they attended at the fixed time, and, although not necessary, they filed a written answer. When judgment was given against them, plaintiff in error "Bernard M. Shotkin * * * after said judgment," as was alleged in the

petition for certiorari, "immediately went to the clerk * * * of said court * * * and requested information concerning appeal of said case." The said clerk, as was further alleged, "notified said Shotkin that he had * * * twenty days in which to appeal, and thereupon Bernard M. Shotkin, wrote said date down." It was further alleged, that, "As a result of the foregoing, it was not and is not within the power of these plaintiffs to take an appeal in the ordinary way, and the failure * * * was not due to any negligence on the part of the plaintiffs," etc. Considering that Mr. Shotkin, as we said of him in *Shotkin v. Kaplan,* 116 Colo. 295, 180 P. (2d) 1021, was "educated for the bar," is it reasonable to conclude that plaintiffs may justify their failure "to take an appeal in the ordinary way" on the premise that that well educated, widely experienced, and finished litigationist was deceived by a justice court clerk? Save for the purposes of the present controversy, as we venture to observe, Mr. Shotkin himself, proclaiming in all the forums, would challenge any such implication. But, suppose he were an inexperienced litigant and a trustful citizen not on his guard, still, our pronouncements respected, his failure to take timely appeal works forfeiture of his right for trial de novo. In *People ex rel. v. Blanchard,* 70 Colo. 237, 199 Pac. 493, where defendant alleged his failure to take an appeal was due to the fact that a deputy district attorney misled him in relation to taking an appeal, we stated: "We cannot say that they exercised proper diligence or that it was not in their power to take an appeal in the ordinary way." In short, that petition for certiorari would not lie. In *Austin et al. v. Bush, supra,* where the petitioner for certiorari alleged that he had been misled to his undoing by the constable who served in the justice court, and in which the circumstances were much more moving than are those here, we held that the aggrieved party in the justice court could not proceed by certiorari. We are

persuaded that the district court correctly resolved in the present case.

Let the judgment be affirmed.

MR. JUSTICE HOLLAND does not participate.

*On Petition for Rehearing.*

MR. CHIEF JUSTICE HILLIARD.

We regard the petition as without merit. As to the first point thereof, and only to that are we warranted in pausing for comment, it is contended that appeal did not lie to the county court, perforce, as said, "the amount involved exceeded $3000.00." The imposing sum mentioned represents the amount of the claim sought to be interposed by defendants, not the amount of plaintiff's claim in the justice court, which was less than $300.00. Where a plaintiff's claim in a justice of the peace court does not exceed $300.00, the justice has jurisdiction of the case, and interposition of a counterclaim or setoff for an amount in excess of the justice's jurisdiction does not operate to defeat plaintiff's right to sue in that forum. Otherwise expressed, the amount for which a defendant asks judgment under a counterclaim against plaintiff in the latter's action in a justice of the peace court must be within the jurisdiction of that court. *Ramer v. Smith,* 4 Colo. App. 434, 36 Pac. 302.

The limitation of the jurisdiction of justices of the peace to causes not involving an amount in excess of three hundred dollars, applies to both plaintiff and defendant, and where, as here, the latter alleges a counterclaim in excess of the jurisdictional amount, it leaves only the plaintiff's claim for determination. *Agate Irrigation & Land Co. v. Sigman,* 86 Colo. 317, 281 Pac. 363. It follows that since the amount of plaintiff's claim in the present case, and judgment of the justice of the peace, as well, was within the justice's jurisdiction, the

remedy of the aggrieved defendants, as was emphasized in our opinion, was to take an appeal to the county court, where that claim, not a claim by defendants in excess of the justice's jurisdiction, would be triable de novo. *Ramer v. Smith, supra.*

Let the petition for rehearing be denied.