### [No. 1952.]

### PAUL v. ROOKS.

1. ATTACHMENT—CONTINUANCE—JUSTICE OF THE PEACE.

Session Laws, 1897, section 2, page 113, which provides that in cases of attachment before justices of the peace, upon the return day of the summons the justice shall continue the hearing for twenty days is solely for the benefit of defendant's creditors other than the plaintiff, to give them an opportunity to come in and prorate with the plaintiff, and a failure of a justice of the peace to comply with said statute does not prejudice defendant's rights and he has no right to object thereto.

2. PRACTICE BEFORE JUSTICE OF THE PEACE—SUMMONS—APPEARANCE.

In an action before a justice where the defendant was not served with summons, but upon the return day he wrote a letter to the justice of the peace applying for continuance of the case which was granted, the application for continuance was a general appearance and waived any defect in the summons or the service.

3. ATTACHMENT—MOTION TO DISMISS—APPEARANCE.

A motion by the defendant to dismiss an attachment before a justice of the peace is a general appearance in the case, and the defendant cannot change the effect of such motion by stating therein that he appears specially.

4. PRACTICE BEFORE JUSTICE OF THE PEACE—APPEAL—APPEAR-
     ANCE.

An appeal by a defendant from the judgment of a justice of the peace
     gives jurisdiction of the person and waives all defects in the sum-
     mons or service thereof.

5. CERTIORARI—APPEAL.

The fact that an appeal could be taken from a judgment is not conclu-
     sive against the right to issue a writ of certiorari, but certiorari
     may issue notwithstanding an appeal would lie if in the judgment
     of the court the remedy of appeal is not plain, speedy and ade-
     quate.

*Appeal from the County Court of Jefferson County.*

Messrs. FILLIUS & DAVIS, for appellant.

Mr. S. A. OSBORN, for appellee.

WILSON, J.

This action was commenced by plaintiff Paul before a jus-
tice of the peace, by attachment. Summons was issued and
made returnable in thirteen days. There was no service
upon the defendant. Upon the return day, at the request
of the defendant, by letter, the case was continued for twelve
days. The garnishee appeared and made answer to the gar-
nishment process. At the expiration of the time for which
the cause was continued, the defendant appearing specially
by attorney, moved the court in writing to quash the sum-
mons because it was made returnable in thirteen days from
the date of its issuance, instead of not more than ten, nor less
than five days, as required by law. At the same time, the
defendant by his attorney, also claiming to appear specially,
filed a motion to dismiss the attachment, assigning various
reasons therefor. Both motions were overruled, and there-
upon after hearing the testimony of plaintiff, judgment was
rendered in his favor. The defendant, by his attorney, then
asked that no execution issue for ten days, until he could
take the case up by appeal, which was done within such time.
In the county court, defendant, by his attorney, moved the
court to dismiss the action on the ground that the judgment

·of the justice court, as appeared from the transcript and the papers in the case, was absolutely void for the lack of jurisdiction by the justice. This motion was sustained and the cause dismissed.

The motion of defendant in the justice court to quash the summons and dismiss the action was based upon an amendment to the law regulating attachments before justices of the peace, adopted in 1897, which required substantially that in all such cases, upon the return day of the summons, "which shall not be less than five nor more than ten days from the issuing thereof," the justice shall continue the hearing for twenty days, etc. Laws, 1897, § 2, page 113.

The contention is that the requirements of this section were violated in both instances, the summons having been made returnable in thirteen days, and the cause having been continued for only twelve days after the return day. It is obvious from the mere reading of the section that it was intended solely for the benefit and protection of creditors of the defendant other than the plaintiff, if there should be any. It was to give them an opportunity to come in and prorate with the plaintiff. They, alone, would have a right to complain of a failure to proceed in accordance with the provisions of the section, and none are here complaining. The defendant would have no right to object, because his rights were not prejudiced by such failure. Even, however, if he did have the right to object at any time, he lost such right by his subsequent acts. There is no question about the justice having jurisdiction of the subject-matter. The only dispute is as to the jurisdiction of the person. It is too well settled in this state to require discussion or reference to authorities, that any kind of general appearance by a defendant in a justice court is a waiver of any defect in the summons, or in its service. If the defendant had appeared in person before the justice on the return day of the service, and asked for a continuance, this would unquestionably have been a general appearance. We see no reason why such an application by him in writing should not have the same effect. Even if this

were not true, when he appeared specially for the purpose of assailing the summons, he also filed a motion to dismiss the attachment. This was, in effect, a general appearance, because he would have no right to make such motion unless he were in court, and this result was not obviated by his stating in the motion that he appeared specially for that purpose only. Its effect was that of a general appearance, whatever he might have seen fit to call it.

When defendant appeared in the county court and moved to dismiss the action, he did not restrict his appearance to a special one, nor did he state in the motion the ground upon which he claimed the judgment of the justice court to have been void. If it was because of lack of jurisdiction of the person by the justice, the general appearance for this motion might itself have cured this defect and given the county court full jurisdiction, the defendant failing to rely upon the motion which he had made in the justice court. In addition to this, after judgment was rendered by the justice, the defendant appeared before him and requested and secured a stay of execution for ten days. If any one of these acts was not sufficient in itself to waive any defects in the summons, or in its service, or in the proceedings by the justice, it would certainly seem that all concurring should be sufficient to accomplish that end. However this may be, the disputed questions are effectually set at rest by the fact that the defendant took an appeal from the judgment of the justice. *Deitz v. City of Central*, 1 Colo. 330; *Wyatt v. Freeman*, 4 Colo. 15; *Charles v. Amos*, 10 Colo. 277, *C. C. R. Co. v. Caldwell*, 11 Colo. 545.

In the last cited case, the court said: " The taking of an appeal from the judgment of a justice of the peace gives jurisdiction of the person and is a waiver of all defects in the service of process, or even the want of process."

The case of *Otero County v. Hoffmire*, 9 Colo. App. 526, cited by defendant, is not in point. That case involved, and the decision was based upon, the total want of jurisdiction by the justice of the subject-matter. A change of venue had been

granted, and the justice, in express violation of the statute, instead of sending the case to the nearest justice—one who resided in the same town with him—had sent it to a justice residing ten miles distant. Defendants promptly entered a special appearance and moved to dismiss, on the ground that the justice was without jurisdiction. This motion was overruled, and the defendants took no further steps in their defense. There was no act of defendants, either before the justice who rendered the judgment, or in the county court to which an appeal was taken, upon which could be based a claim that the defendants had entered a general appearance or waived any rights. The want of jurisdiction to which the court was referring in that case and upon which it based its decision, was of the subject-matter, not of the person only.

We do not feel called upon to suggest what remedy defendant could have had, other than by appeal, but will say that his construction of Code section 297 is not in accord with the decision of the supreme court. *People ex rel. L'Abbe v. District Court*, 26 Colo. 396. It has been there held that the mere fact an appeal lies to a final judgment is not conclusive against the right to issue a writ of certiorari. "Notwithstanding that fact, it may be granted, if in the judgment of the court the remedy of the appeal is not plain, speedy and adequate."

For the reasons stated, the judgment will be reversed.

*Reversed.*