[No. 4353.]

## Loloff v. Heath.

**Appellate Practice—Jurisdiction of Supreme Court.**

An appeal will not lie to the supreme court from a judgment of the county court quashing a writ of certiorari to a judgment of a justice of the peace taxing the costs of a criminal prosecution against the prosecuting witness, but the appeal will be dismissed and the cause redocketed on error.

*Appeal from the County Court of Weld County.*

Messrs. Garrigues & Smith, for appellant.

Mr. Chas. F. Tew, for appellee.

Mr. JUSTICE STEELE delivered the opinion of the court.

F. W. C. Loloff filed a complaint before a justice of the peace charging Asa Sterling with the offense of assault and battery. Sterling was discharged by the justice. The docket of the justice contains the following judgment order: ''It appearing, from the evidence adduced, that the defendant was not guilty of the charge, and it also further appearing, from the evidence adduced, that the complaint was malicious, the costs in said cause amounting to $26.65, is taxed against the said complaining witness, Frederick W. C. Loloff.''

No appeal having been provided from judgments for costs against prosecuting witnesses, Loloff filed his petition for a writ of *certiorari* in the county court. In compliance with the command of the writ, the justice filed in the county court all the papers of the cause tried before him, together with a transcript of his docket. A motion to quash the writ was granted, and Loloff appealed to this court from the order quashing the writ. The question for our determination is whether the provisions of division 6, chapter 74 (Mills' Annotated Statutes, p. 1754), or chapter 28 of the code governs in cases where no appeal is provided by statute from the judgment of a justice of the peace. The county court appears to have come to the conclusion that *certiorari* does not lie unless an appeal is provided by statute.

From the foregoing it will appear that no fairly debatable constitutional question is presented for determination, that no judgment in excess of twenty-five hundred dollars has been rendered, and that no franchise or freehold is involved. It follows, therefore, that we have not jurisdiction of the appeal, and it is accordingly dismissed; and the clerk is directed

to redocket the case as pending on writ of error, as provided by law.          *Appeal dismissed.*