[No. 5276.]

THE STATE BANK OF FORT MORGAN v. HARCOURT ET AL.

1. **County Courts—Justices of the Peace—Certiorari—Sufficiency of Petition.**

A petition to the county court for a writ of certiorari to review the judgment of a justice of the peace, which alleges that the petitioner was summoned as a garnishee in a certain action; that it answered the interrogatories by stating that it had no property in its possession or under its control belonging to the defendant in such action, or in which he was interested; that it did not know of any debts due or owing said defendant, or of any property or effects belonging to him, and that it was not indebted to him in money or property; that said answer was made before the said justice of the peace, and filed in his office; that a judgment was rendered against it therein, of which it had no knowledge until the time for taking an appeal had expired; that no scire facias or other notice was served upon it; and that it is not indebted to said defendant, nor has it been indebted to him or had in its possession or control, since the bringing of said action, or at any time before or since that time, any personal property, goods, chattels, effects, choses in action or property or money, or effects of any kind or nature, belonging to, or in which the said defendant had any interest—is sufficient, under Mills' Ann. Stats., § 2695, providing that the petition shall show that the judgment was not the result of the negligence of the petitioner; that it is, in his opinion, erroneous and unjust, and that it was not in his power to take an appeal in the ordinary way; and that the petition shall set forth the particular circumstances which prevented him from so doing.—P. 246.

2. **Garnishment—Answer of Garnishee—What Constitutes Appearance.**

Mills' Ann. Stats., § 2728, provides that, after the answer of the garnishee is made, the plaintiff may controvert by affidavit

any part of said answer, and that, thereupon a scire facias shall issue and be served upon such garnishee (unless he be already in court). Held, that the words "unless he be already in court" do not authorize a rendition of judgment against a garnishee who files an answer to the interrogatories denying all liability to the defendant, as the statute requires in express terms that, when the answer is controverted, a scire facias shall be served upon the garnishee; and he is under no obligation to appear after his answer has been filed until he is served with further notice, as, when his answer shows no liability, unless traversed by affidavit, he is entitled to his discharge.—P. 247.

3. County Courts — Justices of the Peace — Certiorari — Proper Parties.

After a cause has been certified to the county court by the justice of the peace in response to a writ of certiorari and the petition has been finally disposed of, the writ becomes functus officio, and the parties are then to try the issue de novo; and, while it is not important that the petition name the non-appealing parties, when the writ is issued, the original cause is certified to the county court for trial, and the title of the cause should correspond to the title in the justice court; but, since the statute does not provide for notice to the non-appealing party or parties, unless such parties voluntarily appear or have been served with notice, the court cannot proceed.—P. 248.

4. Appellate Practice—County Courts—Justices of the Peace—Certiorari—Proper Parties—Striking Out—Costs.

The proper practice in writs of certiorari from the county courts to review the judgments of justices of the peace is to make service upon the justice, but as he is only a nominal party, he should not be required to litigate or to be made a party defendant. When he is served with the writ, he should notify the real parties in interest, and they should relieve him of the burden of litigation; and, while it is not important that the parties in the court below are not made parties in the petition for certiorari, still the proper practice would seem to be that they should be, and that the writ should be directed to the justice of the peace. Where the plaintiff in the justice of the peace court was not made a party in the county court, on account of the objection of the garnishee appealing, such plaintiff is entitled to have his name stricken from the scire facias issued by the supreme court on a writ of error to review the action of the county court in dismissing the cause and directing a procedendo to issue; and both he and the justice of the peace, brought into the supreme

court in such proceeding, are entitled to their costs in such behalf expended.—P. 249.

5.  Justices of the Peace—Garnishment—Judgment Against Garnishee without Notice—Certiorari from County Court—Trial de Novo.

Where, in a proceeding in the justice of the peace court, a garnishee answered that it was not indebted to the defendant, and such court, without any notice to the garnishee, entered a judgment against it, such garnishee was entitled to a trial de novo on certiorari from the county court to review such judgment; and the dismissal of such proceedings in the county court and the issuance of a procedendo to the justice court, was error. —P. 250.

*Error to the County Court of Morgan County.*
*Hon. Tyler D. Heiskell, Judge.*

*Certiorari* by The State Bank of Fort Morgan against B. Harcourt, as justice of the peace, and J. E. Jewel. From a judgment dismissing such proceeding in the county court and the issuance of a *procedendo* to the justice court, plaintiff brings error.

*Reversed.*

Mr. S. A. OSBORN and Mr. L. C. STEPHENSON, for plaintiff in error.

Mr. W. A. HILL, for defendants in error.

Mr. JUSTICE STEELE delivered the opinion of the court:

B. Harcourt, Esq., one of the justices of the peace of Morgan county, on March 28, 1903, rendered judgment against the defendant in the suit of J. E. Jewel against W. M. Bruce, and against The State Bank of Fort Morgan as garnishee. On April 8, 1903, this suit was begun by The State Bank of Fort Morgan filing in the county court of Morgan county a petition for writ of *certiorari*. The writ was granted, and the justice certified to the county court, as required by law, the transcript and papers in the case *Jewel v. Bruce*. The court dismissed the cause, and

the plaintiff took the case to the court of appeals for review.

It is contended here that the petition filed in the county court was not sufficient in law to authorize the issuance of the writ, and we shall first determine that question. The petition states, among other things, that the bank, on the 19th of February, was served with a writ of attachment and notice of garnishment in the suit of *Jewel v. Bruce,* requiring the bank to make answer to the interrogatories attached to the notice, on or before the 16th day of March, 1903; that on the 16th day of March the bank, through its president, answered the interrogatories so served upon it, stating in the answers that it had not in its possession or under its control property or effects belonging to Bruce or in which he was interested; that it did not know of any debts due or owing said Bruce, or of any property or effects of said Bruce, and that it was not indebted to said Bruce in money or property; that the said answer was made before Harcourt, the justice of the peace, and filed in his office; that afterwards and on March 26th, Jewel, the plaintiff in the case, appeared at the bank and stated that he was desirous of having further testimony in relation to the garnishment proceedings, and that the bank, through its president, made answer to further interrogatories touching liability on the part of the bank to the defendant in said action, in which answers the bank in substance denied any such liability; that neither the bank nor its officers or attorney knew that the judgment had been rendered until after the time for taking an appeal had expired. The petition further states that the bank "is not indebted to said Bruce, nor has it been indebted to him or had in its possession or control, since the 19th of February, 1903, or at any time before or since that time, any personal property, goods, chattels, effects, choses

in action or property or money, or effects of any kind or nature, belonging to, or in which the said Bruce had an interest.'' It is further stated that the return day of the summons issued in said case was more than ten days from the date of the issue thereof, and that no *scire facias* or other notice or process at law was served upon said corporation before the rendition of said judgment, as required by law, or at all.

The writ of *certiorari* mentioned in the chapter ''Concerning Justices and Constables'' is a substitute for appeal, and is intended to grant an appeal in unusual cases where the party, without negligence on his part, has been prevented from taking an appeal in the ordinary way. Section 2695, Mills' Ann. Stats., provides that the petition shall show that the judgment was not the result of negligence of the petitioner; that it is, in his opinion, erroneous and unjust, and that it was not in the power of the party to take an appeal in the ordinary way; and the statute requires that the petition shall set forth the particular circumstances which prevented him from so doing.

We are of opinion that the petition is sufficient. It shows that the judgment is unjust and erroneous, and it shows that the party has not been negligent and that he could not take an appeal in the ordinary way. Section 2728 provides that: ''After the answer of the garnishee, in any case, is made, either before the officer or in court, the plaintiff, his agent or attorney, may controvert the whole or any part of said answer by filing in court, or before the justice, an affidavit traversing any of the facts set forth in such answer (such affidavit may be upon information and belief) ; thereupon a *scire facias* shall issue and be served upon such garnishee (unless he be already in court) requiring him to appear before the court or justice upon a day named therein;'' and it is claimed by counsel that the words in parenthe-

sis, "unless he be already in court," authorized the justice to render a judgment against the garnishee, because it had appeared before the court when it filed its answer to the interrogatories. But we do not believe the statute is susceptible of any such construction. The mere filing of an answer is not such an appearance as will authorize a justice to render judgment against a garnishee in a case where, by his answer, a garnishee denies liability to a defendant. Indeed, the statute requires in express terms that in cases where a garnishee has filed his answer either before the officer or in court, when the answer is controverted, a *scire facias* shall be served upon the garnishee. When the answer shows no liability, unless it is traversed by affidavit, the garnishee is entitled to his discharge. There was no obligation on the part of the garnishee to appear after the answer had been filed until he was served with further notice, and he cannot be charged with negligence for not appearing. And, as the garnishee did not know that the judgment was rendered until after the time for taking an appeal in the ordinary way had expired, it seems to us that the case comes within the statute and that the court rightly issued the writ of *certiorari*.

After the cause is certified by the justice, and the petition finally disposed of, the writ becomes *functus officio*. The parties are then to try the issue raised in the justice's court before the county court. The statute does not provide for notice to the non-appealing party, and, unless the parties voluntarily appear or have been served with notice, the court cannot proceed with the trial *de novo*. Neither the plaintiff nor the defendant before the justice was made a party in the county court, but the court proceeded to a review of the judgment of the justice, and sustained his judgment, and directed a *procedendo* to issue, in a suit entitled "*The State Bank*

*of Fort Morgan v. B. Harcourt, a Justice of the Peace."* The justice moved to make the plaintiff in the action below a party in the county court, but this motion was overruled.

We do not think it important that the petition itself does not name the non-appealing parties. When the writ is issued, the cause is certified to the county court; the original cause is then to be tried, and the title of the cause should correspond to the title in the justice's court. When the case was brought to this court, the plaintiff in error made the plaintiff in the justice's court a party, and the *scire facias* was issued against him, as well as against the justice of the peace. The plaintiff in the suit below has filed his motion to strike his name from the *scire facias,* and we think this should be granted. He was not a party to the suit in the county court, and, when the justice of the peace moved in the county court that he be made a party, the motion was overruled, presumably because the motion was resisted by the garnishee, the plaintiff in error here. The proper practice requires that, in petitions for writs of this character, although the judge is the person upon whom service has been made, he, being a mere nominal party, should not be required to litigate or to be made a party defendant. When he is served with such writ, he should notify the parties in interest, and they should relieve him of the burden of the litigation; and, while it is not important that the parties in the court below were not made parties in the *petition* for *certiorari,* still the proper practice would seem to be that they should be made parties, and that the writ be directed to the justice of the peace.

The county court overruled a motion to quash the writ, but "upon the same day," so the order recites, upon a review of the proceedings before the justice, held that the justice had jurisdiction of the cause,

and that the proceedings before him were regular; that the judgment of the justice was legal and binding, and ordered that the cause be dismissed and that *procedendo* issue. In this, we think, the court erred. The garnishee was entitled to have a trial *de novo* in the county court. It had the right to question the jurisdiction of the justice to render a judgment, not only against the defendant, but against it, the garnishee. The judgment will be reversed, with directions to the county court to hear the cause upon its merits after proper notice to all the parties.

                              *Reversed.*

CHIEF JUSTICE GABBERT and MR. JUSTICE CAMPBELL concur.

                    *On Rehearing.*

*Per Curiam, Department 3.*—On rehearing, it is ordered that the defendants in error recover of and from the plaintiff in error their costs in this behalf expended, and that execution issue therefor.