[No. 5867.]

AXELSON v. THE PEOPLE EX REL. VANCE.

1. Certiorari—Bond—Under § 2694, Mills' Ann. Stats., certiorari to review the judgment of a justice of the peace cannot issue without the bond prescribed by the statute.—(287)

2. Office of the Writ—The office of the writ of certiorari under Mills' Ann. Stats., § 2694, is to afford the parties a trial de novo in the same cause. New parties are not to be brought in. The only purpose of the writ is to bring up the record. No judgment can be given except upon a trial of the issues raised before the justice.—(288)

3. Notice—The party successful below must have notice. —(288)

*Appeal from Phillips District Court* — Hon. E. E. ARMOUR, Judge.

Messrs. MUNSON & MUNSON, for appellant.

No appearance for appellee.

Chief Justice Steele delivered the opinion of the court:

A petition for writ of *certiorari* was filed in the district court within and for the county of Phillips, entitled, "The People of the State of Colorado, upon the relation of B. L. Vance, v. A. M. Axelson, Justice of the Peace in and for Precinct No. 4, Phillips County, Colorado." From the petition it appears that B. L. Vance, and the Haxtun Mercantile Company, and others, each claiming to be the owner, and entitled to the possession of, certain real property, brought suit on the same day—Vance in the county court, and Haxtun Mercantile Company and others before A. M. Axelson, a justice of the peace, and appellant here. The county court enjoined the defendants from interfering with the property of plaintiff, and rendered final judgment in favor of Vance. The Haxtun Mercantile Company and others perfected an appeal to the district court. The record does not show what disposition, if any, was made of the cause in the district court. After the appeal was taken to the district court, and on August 15th, 1905, the justice rendered judgment in the cause pending before him in favor of the Haxtun Mercantile Company and others, and on August 23rd following, B. L. Vance filed his petition in the district court for writ of *certiorari*, setting forth facts substantially as are stated herein. The petition contains the averments required by section 2695, Mills' Ann. Stats.—that the judgment was not the result of petitioner's negligence; that, in his opinion, it was erroneous and unjust; and that the petitioner was without remedy by appeal. The writ was granted; the order granting it providing that it issue without bond. The petition does not allege that, in procuring a judgment, the plaintiff in the action be-

fore the justice of the peace violated an injunction of the district court, and we assume that no injunction was in force at the time the judgment of the justice of the peace was rendered.

Upon the return day, said respondent justice of the peace filed a motion to quash. Upon the hearing, on the 9th of September, 1905, the district court overruled the motion to quash, and further ordered: "That the judgment heretofore rendered by A. M. Axelson in said cause be, and the same is, set aside and held for naught; and it is ordered that a writ of restitution issue in favor of the plaintiff and against the defendant, A. M. Axelson, Haxtun Mercantile Company, H. H. Dee and Charles Butterfield."

From which order an appear was taken to this court.

The judgment must be reversed. The statute, section 2094, Mills' Ann. Stats., controlling the proceedings in *certiorari* to review judgments rendered by justices of the peace, requires a bond to be given before the issuance of the writ.. We have said in many cases that the purpose of this procedure is to afford a trial *de novo* to the unsuccessful party before a justice of the peace when he was unable to take an appeal within the time prescribed by statute. The record shows that there was but one defendant in the cause before the district court, the justice of the peace who entered the judgment. Notwithstanding that fact, in the cause entitled, "The People ex rel. Vance vs. Axelson, Justice of the Peace," the court set aside the judgment of the justice of the peace without a trial *de novo*, and ordered a writ of restitution.

The statute requires that the title of the cause in the district court shall be the same as that in the justice's court; and we have held, in the case of

*State Bank v. Harcourt*, 38 Colo. 243, that, ''after the cause is certified by the justice, and the petition finally disposed of, the writ becomes *functus officio*. The parties are then to try the issue raised in the justice's court.    *    *    *    The statute does not provide for notice to the non-appealing party, and, unless the parties voluntarily appear or have been served with notice, the court cannot proceed with the trial *de novo.''*

The justice of the peace should not have proceeded in the manner he did while the cause was pending in the district court. Nevertheless, the district court was without power to render a summary judgment. The real parties in interest were entitled to a trial *de novo.*

The judgment is reversed.          *Reversed.*

Mr. JUSTICE CAMPBELL and Mr. JUSTICE MUSSER concur.