[No. 5544.]

Van Buren v. Posteraro.

1. **Judgment—Misnomer of Defendant—Effect—**One sued by a false name submits to a default. He is bound by the judgment.—(592)

2. **Injunction—To Stay Judgment at Law—**An injunction will not be allowed to stay execution of judgment rendered by a justice of the peace, where the only ground of complaint is the misnomer of the defendant, no question being made as to the liability of the defendant for the amount awarded against him. The fact that the justice of the peace has assumed to amend the judgment does not affect the result.—(591)

*Appeal from Mesa District Court*—Hon. THERON STEVENS, Judge.

Mr. SAMUEL N. WHEELER, and Mr. HENRY N. RHONE, for appellant.

Messrs. McMULLIN & STERNBERG, for appellee.

Mr. JUSTICE WHITE delivered the opinion of the court:

Appellee was plaintiff below. The relief sought in the district court was in substance as follows: (1) To declare null and void, as to plaintiff, a certain judgment of a justice of the peace of Mesa county, which by transcript was made a lien upon the real estate of plaintiff. (2) To remove the cloud cast upon said real estate by reason of said judgment and transcript proceedings aforesaid. (3) To restrain defendant, appellant below, from asserting said judgment against plaintiff.

It appears from the record that on Nov. 13, 1902, appellee, being indebted to appellant, was sued by the latter to recover the amount of said indebtedness before a justice of the peace of Mesa county. That in said proceedings the defendant's name was written Elizabeth·Postoria instead of Elizabeth Posteraro, her true name; the name as written in said proceedings was nevertheless supposed to be the name of appellee, and the summons was duly and personally served upon her as required by law. Appellee failed to appear in response to said summons, and judgment was entered by default against her under the name of Postoria. Execution on said judgment issued and was returned *nulla bona.* Thereupon appellant secured from said justice of the peace a transcript of the judgment, and discovering that defendant's name

was Posteraro instead of Postoria, returned the transcript to said justice, who, at appellant's request, caused the name to be correctly inserted therein, and by pencil interlineation inserted the name correctly spelled in the judgment itself. The transcript was then filed in the office of the district clerk of said county and proceedings taken with a view to making the judgment a lien upon appellee's real estate. This suit was thereupon instituted on the 10th day of February, 1903. Thereafter on March 30, 1903, upon motion and notice to appellee, but over her objection by attorney then made, the justice of the peace entered an order amending said judgment relative to said name, and issued a new execution which was also returned *nulla bona;* and thereupon a new transcript was filed with the clerk of the district court and proceedings had as aforesaid. These subsequent proceedings were embodied in a supplemental complaint. After demurrer interposed on the ground of want of equities in plaintiff's pleadings, and the same was overruled, defendant answered. The answer was stricken out, except as to general denials. Objections were made to the introduction of any evidence under the complaint, on the ground of its insufficiency, but overruled. Judgment was rendered for the appellee as prayed. From said decree this appeal is prosecuted.

The gravamen of the complaint is that the judgment in the justice court had been fraudulently altered, after its rendition, by changing the name of the defendant in the particulars mentioned above. It was conceded, or, at least, plaintiff's evidence showed, that appellee was the identical person sued in the justice court, and upon whom summons was served; that she talked with the justice of the peace after the summons was served and before the trial,

relative to the case, and the particular hour for trial; that she was indebted to appellant in the exact amount of the judgment; that such indebtedness was originally evidenced by a note given by appellee to appellant, but which when presented to the former for payment, before the institution of said suit in the justice court, was by appellant taken from the collector's hands and torn up or destroyed.

Neither by pleading nor evidence offered, was it contended that appellee had a just or meritorious defense to the suit, nor if judgment was enjoined, and a new trial had, the result would be in any wise different from what it was. Appellee based her right for an injunction solely upon the technical ground that said change had been made, without her consent.

The equity powers of a court will only be called into exercise to protect or enforce some substantial right, without which the result would be contrary to equity and good conscience.

Unquestionably if a judgment has been fraudulently altered so as to increase the amount thereof, or to include some person other than the identical person sued, or changed in any manner so as to affect the substantial rights of a party an injunction, if there be no remedy at law, will lie, but there is no reason for the equitable power of a court to interfere when no substantial rights have been invaded, and when to do so would be against equity and good conscience.

It is wholly unnecessary to determine whether the justice of the peace possessed the power to insert by interlineation the true name of the defendant in, or to modify the judgment upon notice as was done. The judgment originally was a judgment against Elizabeth Posteraro, notwithstanding her name

therein was given as Elizabeth Postoria. This judgment could have been enforced by proper proceedings in aid of execution. If the justice exceeded his authority by the pencil interlineation in said judgment, or subsequently by its modification upon notice, such acts were of no force and effect and the judgment stood as it was originally entered. If he did not exceed his authority, the appellee cannot complain for it in no wise affected her substantial rights. In either event the judgment could be enforced. It was therefore error in the trial court to decree that the judgment rendered on the 19th day of November, 1902, by such justice was null and void and of no effect.

The law announced in sec. 213, Black on Judgments, is that process served upon a man by wrong name is as truly served on him as if he had been served by his right name. It is not the name that is sued, but the person to whom it is applied. If summons in an action is served upon the person really intended to be sued, although a wrong name is given him in the writ and return and he suffers a default, or after appearing, fails to plead the misnomer in abatement, a judgment is taken against him, he is concluded thereby.

In *B. & M. R. R. Co. in Neb. v. Burch,* 17 Col. App. 491, the right party, though a corporation, was sued by the wrong name, summons, however, was properly served upon the right party and the judgment was held valid.

In *D. & R. G. R. R. Co. v. Loveland,* 16 Col. App. 147, it distinctly appears that service of summons was not made upon the corporation intended to be sued, but was made upon another corporation of similar name. To substitute the name of the party intended as defendant, who was not served with summons, for a defendant named and served, but not

intended to be sued was properly held to be error. It is said, however, in that case that, "If the right party is sued by a wrong name, and service of process is had upon him, the true name may be substituted for the other, by way of amendment."

We do not consider the language used in *Solomonovich v. Denver Cons. T. Co.,* 39 Colo. 288, 290, relative to the two cases above referred to from the court of appeals, militates against the rule as hereinbefore stated from Black on Judgments.

Besides, § 146, Mills' Ann. Civil Code, expressly prohibits the granting of an injunction to stay judgment at law for a greater sum than the complainant shall show himself equitably not bound to pay. It also provides that an injunction granted to stay judgment at law shall operate as a release of all errors in the proceedings at law that are prayed to be enjoined.

In *Fisher v. Green,* 5 Colo. 541, it is said:

"To stay a judgment the complainant must allege facts which prove it to be against conscience to execute such judgment, and of which the injured party could not have availed himself in a court of law, or of which he might have availed himself at law but was prevented by fraud or accident unmixed with any fault in himself or his agents."

Appellee, however, argues that the jurisdiction of a justice of the peace is purely statutory and that the attempted action of the justice as shown in this case was wholly void, and having occurred after judgment rendered, injunction was her only remedy. If the justice exceeded his authority and the matter could not have been taken to a higher court under § 2679 or § 2692, Mills' Ann. Stats., appellee nevertheless had a clear and proper remedy under chap. 28, Mills' Ann. Code; *Leloff v. Heath,* 31 Colo. 170, 172.

38

We are clearly of the opinion that appellee failed to set forth and establish equities entitling her to an injunction and the decree of the district court in the premises is erroneous.   The judgment is, therefore, reversed.                                    *Reversed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE BAILEY concur.