[No. 6756.]

## HOLMBOE v. HERMOND ET AL.

Under the statute (Rev. Stat. sec. 3840) a petition for certiorari to a justice of the peace must show among other things that it was not in the power of the petitioner to appeal from the judgment complained of. The statute is not complied with by a petition which merely shows, as ground for the failure to appeal, that, the action being replevin the verdict failed to find the value, or the damage consequent upon the taking. The omissions of the verdict, and the judgment thereon, in this respect, did not prevent an appeal.

*Error to Pueblo District Court*.—HON. J. E. RIZER, Judge.

Mr. W. O. PETERSON, for plaintiff in error.

No appearance, for defendants in error.

Mr. JUSTICE MUSSER delivered the opinion of the court:

In the court below, the plaintiff in error filed a verified petition for a writ of certiorari to remove a cause from a justice of the peace. The petition set forth that a replevin suit was commenced before the justice of the peace by the petitioner Holmboe; that a summons and writ of replevin issued and were served upon the defendants; that the property was taken from the defendants and in due time turned over to the petitioner; that on September 21st a trial was had to a jury; that a verdict was returned finding the issues for the defendants, and that the property be returned to them; that the verdict failed to find the value of the property or the amount of damage consequent upon the taking of it; that the justice, on September 21st, rendered a judgment on the verdict in favor of the defendants, and ordered that a writ of restitution issue to restore the property to them; that on September 25th the petitioner filed a motion for a new trial in the justice court, which motion was denied; that on October 2nd, a writ of restitution issued and the constable was attempting to execute it at the time of the filing of the petition on October 9th; that the judgment was erroneous and unjust, for the reason that the justice of the peace was without jurisdiction to render it because there was no verdict as required by law and that because no verdict had been returned, as required by law, an appeal could not be taken in the ordinary way.

Upon this petition, a writ of certiorari to the justice of the peace was issued. In due time, the defendants filed a motion to quash the writ because the petition failed to state any legal grounds why the writ should issue and

failed to state any reason why the petitioner was prevented from taking an appeal in the ordinary way.  This motion was sustained and the writ was quashed.  Plaintiff elected to stand on his petition, whereupon the same was dismissed and judgment rendered against the plaintiff for costs.  Section 3840 Rev. Stat. provides that a petition for writ of certiorari "shall set forth and show upon the oath of the applicant that the judgment before the justice of the peace was not the result of negligence of the party praying for such writ, that the judgment, in his opinion, is erroneous and unjust, setting forth wherein the error and injustice consists, and that it was not in the power of the party to take an appeal in the ordinary way; setting forth the particular circumstances which prevented him from so doing."  The petition in this case did not set forth or show any circumstances that prevented the petitioner from taking an appeal in the ordinary way.  The mere fact that the verdict and judgment were erroneous in form, if they were erroneous, did not prevent the petitioner from appealing.  He was in court as the plaintiff in the case before the justice of the peace.  He was at the trial.  He knew of the judgment.  There was nothing at all to prevent him from taking an appeal. The writ of certiorari was properly quashed.  The judgment is, therefore, affirmed.

*Judgment affirmed.*

Mr. JUSTICE GABBERT and Mr. JUSTICE HILL concur.