[No. 4100.]

UNION PACIFIC RAILROAD COMPANY v. WOLFE, JUSTICE OF THE PEACE, ET AL.

1. CERTIORARI—*Nature and Scope of the Writ.* The certiorari allowed by Rev. Stat., secs. 3837 *et seq.,* is for the purpose of procuring a trial *de novo,* in the District or County Court, of a cause previously tried before a Justice of the Peace. It is a mere substitute for an appeal, and the party pursuing this remedy waives all question as to the jurisdiction over the person. (570)
    Otherwise as to a defect of jurisdiction of the subject matter. (570)

    The purpose of the certiorari allowed by the code (Rev. Code, sec. 331) is to review the action of an inferior tribunal, board, or officer, who, in exercising judicial functions, has exceeded the jurisdiction or grossly abused the discretion which the law reposes in such tribunal or

officer, and no appeal is allowed, nor, in the judgment of the court, any plain, speedy and adequate remedy. (569, 570)

Judgment had been entered against the plaintiff in error in the court of a Justice, without any lawful service of process. *Held* that certiorari under the code was proper; that inasmuch as an appeal, or certiorari under Rev. Stat., sec. 3837, would have constrained the plaintiff in error to a waiver of its right to a lawful service of process, such appeal or statutory certiorari was not an adequate remedy. (574)

*Held,* further, that the possible remedy by injunction was no bar to the remedy by certiorari. (574)

2. INJUNCTION—*To Stay Execution of Void Judgment.* Doubted whether the writ will be awarded where there is an appeal, writ of error or certiorari. (575)

*Error to Denver District Court.* HON. JOHN A. PERRY, Judge.

MESSRS. HUGHES & DORSEY for plaintiff in error.

MR. W. W. HUNT for defendants in error.

KING, J., delivered the opinion of the court.

In a suit entitled *Spencer v. Smarsty,* pending in the Justice of the Peace Court, a writ of attachment against Smarsty was delivered to the constable for service. In aid of this attachment, the constable issued a garnishee summons directed to The Union Pacific Railroad Company, plaintiff in error, and attempted to serve it by reading it to, and leaving a copy with, an employe of said railroad company who was not an officer or agent of said corporation upon whom it was competent to make service, and thereupon returned the summons as so served upon the corporation. The company made no answer concerning its indebtedness to the defendant in the attachment suit, but entered its special appearance in the Justice Court, and moved to quash the service of the garnishee summons, because the pretended service was not lawful. This motion was denied, and thereafter, on the 18th day of November, 1912, default judgment was rendered against the garnishee in favor of said Spencer. November 30th the company filed in the District Court its petition for writ of certiorari to remove the said cause to the District Court. The

writ was accordingly issued and served. Motion was made to quash the writ and dismiss the cause, assigning, as reasons therefor, that the petition did not state facts sufficient to support the writ; did not state the facts required by the statute to be stated, and did not show that it was not in the power of the petitioner to take an appeal in the ordinary way. The motion was sustained, the writ quashed, and *procedendo* to the Justice Court ordered, from which judgment, writ of error was sued out.

The District Court held that service had not been made upon the railroad company, therefore the judgment was void for want of jurisdiction; that from said judgment the garnishee had the right to appeal to the County Court, but by thus appealing it would have waived the jurisdiction of the justice over its person. With such ruling there seems to be no controversy; but the court further held that the garnishee could obtain no relief for want of jurisdiction under writ of certiorari, because that writ would not issue to review a judgment in any case where there is an appeal, and that if the garnishee desired to contest the jurisdiction of the justice over its person, it could do so by applying for an injunction restraining the enforcement of the judgment. This ruling is assigned as error.

In this state, there are two proceedings by writ of certiorari: One is provided for in section 297 Mills' Ann. Code, section 331 Code of 1908, which we will call the code remedy; the other is provided for by general statute—Mills' Ann. Stats. 1912, section 4402, *et seq.*, R. S. 1908, section 3837 *et seq.*, and will be called the statutory remedy. The code remedy is for the purpose of reviewing the action of any inferior tribunal, board or officer exercising judicial functions, for excess of jurisdiction, or gross abuse of discretion, where there is no appeal, or, in the judgment of the court, any plain, speedy and adequate remedy. The statutory remedy is for the purpose of securing a trial *de novo* of causes previously heard by justices of the peace, where, without fault on his

part, the petitioner is unable to take his appeal in the ordinary way.—*Small v. Bischelberger*, 7 Colo. 563, 4 Pac. 1195; *Axelson v. People*, 45 Colo. 285, 101 Pac. 54. It is important to bear in mind the distinction between these two procedures, and the remedy which they afford, for there is a clear line of demarkation which is decisive of this case. Under the code, the writ may be granted by any court of record to any inferior tribunal, *including justices of the peace*, but only for the purpose of reviewing the judgment upon the question of want or excess of jurisdiction (or gross abuse of discretion); the merits of the case are not in issue; the inquiry is limited to whether the court below exceeded its jurisdiction or greatly abused its discretion.—*People ex rel. v. District Court*, 22 Colo. 422, 425, 45 Pac. 402; *People ex rel. v. Board of Commissioners*, 27 Colo. 86, 89, 59 Pac. 733; *People ex rel. v. Court of Appeals*, 32 Colo. 147, 75 Pac. 407. To all practical intents and purposes, this writ is the same as the common law writ.—*Ellis v. People*, 15 Colo. App. 341, 62 Pac. 232; *State Board v. Carpenter*, 16 Colo. App. 436, 66 Pac. 165. The statutory writ may be issued by judges of the District and County Courts, but only to remove causes from before Justices of the Peace. Its purpose is to bring the case up for trial *de novo* upon the merits. It is a mere substitute for an appeal.—*State v. Harcourt*, 38 Colo. 243, 247, 88 Pac. 255— and is granted only when, for some reason, it is not within the power of the party to take an appeal in the ordinary way; and upon a petition showing that the judgment before the justice was not the result of applicant's negligence; that the judgment, in his opinion, was erroneous and unjust, wherein such error and injustice consists, and the particular circumstances which prevented applicant from taking an appeal in the ordinary way. It provides no remedy for excess of jurisdiction or want of jurisdiction of the person. By special statutory provision—section 4410 M. A. S., 3854 R. S. '08— the question of the jurisdiction of the person is waived by taking an appeal.—*Dietz v. City of Central*, 1 Colo. 323, 330;

*Craig v. Smith,* 10 Colo. 220, 15 Pac. 337; *U. P. Ry. Co. v. DeBusk,* 12 Colo. 294, 296, 20 Pac. 752, 3 L. R. A. 350, 13 Am. St. 221. It is also provided in the statutory proceedings for certiorari that upon the return of the writ which brings the case up for trial *de novo* "such proceedings shall be had thereon as in case of appeals." The writ then becomes *functus officio.—State v. Harcourt, supra.* It is therefore manifest that upon trial under the statutory writ, the proceedings being the same as in the case of appeal, and a mere substitution therefor, the question of jurisdiction of the person is waived. —*Pickering v. Palmer,* (N. M.) 138 Pac. 198, 50 L. R. A. (N. S.) 1055:

Defendants in error contend that, as to judgments of the Justice of the Peace, the statutory remedy is exclusive, but that, inasmuch as an appeal could have been taken from the justice of the peace in the ordinary way, certiorari would not lie under either procedure. With this contention we do not agree, under the facts alleged. The code provision is:

"The writ shall be granted in all cases where an inferior tribunal, board or officer exercising judicial functions has exceeded its jurisdiction or greatly abused the discretion of such tribunal, board or officer, and there is no appeal, nor, in the judgment of the court, any plain, speedy and adequate remedy."

This provision of the code has been construed in *People ex rel. L'Abbe v. District Court,* 26 Colo. 386, 396, 58 Pac. 604, 607, 46 L. R. A. 850, and in *Paul v. Rooks,* 16 Colo. App. 44, 47, 63 Pac. 711. In the former case the court said:

"The mere fact that an appeal lies to a final judgment is not conclusive against the right to issue the writ. Notwithstanding that fact, it may be granted, if, in the judgment of the court, *the remedy by appeal* is not plain, speedy and adequate. An appeal is not always, and in all circumstances, adequate. The code does not mean that the writ shall not issue except when two contingencies combine, of an absence of appeal and inadequate remedy. The language is, 'No ap-

peal, *nor* plain, speedy and adequate remedy.' This means if, in addition to the lack of jurisdiction, either element, the absence of an appeal or inadequacy, etc., of remedy, is present, the writ of prohibition may go."

In *Paul v. Rooks, supra,* the court had under consideration the effect of an appeal from a judgment in the Justice Court. As shown by the abstract and briefs, the appellant insisted that appellee's only remedy in the County Court was by certiorari, to which contention the appellee, in argument, said:

"An examination of the code section 297 discloses that it is only where there is no appeal that certiorari will lie to test the question of jurisdiction."

In answer to this, the court, by Wilson, J., at page 48 [63 Pac. 712] said:

"We do not feel called upon to suggest what remedy defendant could have had, other than by appeal, but will say that his construction of code section 297 is not in accord with the decision of the Supreme Court. *People ex rel. L'Abbe v. District Court,* 26 Colo. 396. It has been there held that the mere fact that an appeal lies to a final judgment is not conclusive against the right to issue a writ of certiorari. 'Notwithstanding that fact, it may be granted, if in the judgment of the court the remedy is not plain, speedy and adequate.' "

From these decisions, it is plain that if the remedy by appeal is inadequate, it is no remedy, and gives to a court of record under the code proceeding the same right, and imposes upon it the same duty, to grant writ of certiorari as if no right of appeal existed; and with this in view, the holding of the Supreme Court in *Van Buren v. Posteraro,* 45 Colo. 588, 593, is clearly in point. In that case the appellee urged that, inasmuch as the action of the justice of the peace was void, injunction (which remedy she sought) was her only remedy, but the court said:

"If the justice exceeded his authority, and the matter could not have been taken to a higher court under § 2679 or

§ 2692 Mills' Ann. Stats., appellee nevertheless had a clear and proper remedy under chap. 28, Mills' Ann. Code; *Leloff v. Heath,* 31 Colo. 170, 172." [71 Pac. 1112, 1113.]

Section 2679 provides for an appeal, and section 2692 is the statutory provision for writ of certiorari which we have been discussing. If, as we have decided, inadequacy of remedy by appeal, or its substitute, the statutory writ of certiorari, is the legal equivalent of the absence of a right to appeal, then the decision just cited is a clear holding that the code remedy (section 297 Mills', being a part of chapter 28) is applicable to proceedings before justice of the peace, under certain conditions, and that the statutory remedy is not exclusive. In *Leloff v. Heath, supra,* it was held that the statutory procedure is not exclusive, where no remedy is provided by statute.

In support of his contention that the statutory remedy is exclusive, counsel for defendants in error cites *Wood v. Lake,* 3 Colo. App. 284, 33 Pac. 80. The court there held that the code provisions respecting writ of certiorari were not applicable; that wherever, as in that case, the act regulating the jurisdiction of the justice of the peace *provides remedies* when the litigant's rights are not respected by the magistrate, those remedies must be taken to be exclusive, and the petition did not make the allegations required by the statute, and therefore dismissed the writ. We may readily agree with Judge Bissell in his application of the law to the facts before him. There was no question that the justice had full jurisdiction of the subject matter and of the person of the defendant. The judgment rendered by the justice of the peace was not void; it was one from which appeal would lie, and in which every question at issue could be raised without waiver upon appeal— that is to say, would have afforded an adequate remedy. Under those facts, the act regulating the jurisdiction of the justice of the peace might well be regarded as exclusive. Defendants in error also cite *Holmboe v. Hermond,* 52 Colo. 316, 121 Pac. 154, in which the court held that certiorari would

not lie to review the judgment of the justice of the peace, because there was nothing to prevent him from taking an appeal. But, as is stated in the opinion, and more fully disclosed by an examination of the abstract and briefs, that proceeding was under the statute, and asked for a trial *de novo*. We think it safe to say that there is no decision of the courts of review in this state which holds that the code provisions are not applicable for the purpose of reviewing judgments rendered by justices of the peace where questions of jurisdiction only are to be reviewed, and where an appeal affords no redress for excess of jurisdiction. It is different, of course, where the jurisdictional question raised is of the *subject matter,* which is not waived by the ordinary appeal.

The defendants in error contend that the petition was not sufficient. It states facts from which it appears that the justice of the peace had exceeded his jurisdiction, or was without jurisdiction; that there was no adequate remedy by appeal, and no plain, speedy and adequate remedy at law, except certiorari. We think such showing was sufficient. It was said that plaintiff in error had a remedy by injunction. Conceding, for the sake of argument, that there was a possible remedy by injunction, nevertheless, we think that would not deprive plaintiff in error of the right to proceed by certiorari. It is a recognized principle that the equitable jurisdiction of the court cannot be invoked where there is a plain, speedy and adequate remedy at law. Certiorari presents such a remedy. Furthermore, as a general rule, injunction will not be granted to restrain the execution of a judgment, except upon allegations and proof that the party applying therefor has a defense to the suit upon its merits—*Van Buren v. Posteraro, supra.* ·

There is a decided conflict of authority as to whether equitable relief may be granted against a void judgment, where there is a remedy at law, by appeal, error or certiorari— Vol. 21, Case and Comment, p. 408; note to *Pickering v. Palmer,* 50 L. R. A. (N. S.) 1055, and cases cited. Our Su-

preme Court, in *Van Buren v. Posteraro, supra,* seems to follow the cases which hold that equitable relief will not be granted. To say the least, the remedy by injunction is not a *plain,* but an extremely doubtful, remedy. Unless it saw fit to waive it, plaintiff in error had the right to insist upon a review by certiorari and annullment of the judgment conceded to have been entered without jurisdiction—*Independent Pub. Co. v. American Press Assn.,* 102 Ala. 475, 15 So. 947; *Memphis & Charleston R. R. Co. v. Brannum,* 96 Ala. 461, 11 So. 468.

The order of the District Court quashing the writ of certiorari and awarding *procedendo* is reversed, and the cause remanded to the District Court with instructions to enter an order annulling the judgment of the Justice Court.

*Reversed and Remanded.*