## No. 9965.

### DAILY WAIST COMPANY *v.* HARRIS.

Decided January 9, 1922.  Rehearing denied February 6, 1922.

Petition in district court for writ of *certiorari*.  Petition dismissed.

### *Reversed.*

1.  CERTIORARI—*Code and Statutory Provisions.*  The remedies under statutory section 3840, R. S. 1908, and section 331 code, 1908, discussed and distinguished.

2.  *Statutory Remedy.*  The rule that the only question to be determined on a writ of certiorari is whether the inferior tribunal has exceeded its jurisdiction or greatly abused the discretion allowed it, has reference only to proceedings brought under the code.  It is entirely inapplicable to proceedings before a justice of the peace, in which the party may ignore the code remedy and proceed solely under the statute.

*Error to the District Court of the City and County of Denver, Hon. Clarence J. Morley, Judge.*

Mr. WILLIAM W. GARWOOD, Mr. OMAR E. GARWOOD, Mr. HARRY SOBOL, for plaintiff in error.

Mr. WILLIAM A. BRYANS, JR., for defendant in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS cause is before us upon writ of error to the district court of the City and County of Denver to review a judgment dismissing a petition for a writ of *certiorari*.

The petition recites certain alleged proceedings in a justice court, including an attachment and judgment against the petitioner, who was defendant in the action before the justice of the peace.  The writ prayed for is one requiring the justice of the peace to certify to the district court a transcript of the judgment and other proceedings had before him, including all papers filed and

issued by said Justice in the action. It thus appears that the plaintiff in error, petitioner below, is proceeding under, or may rely upon, the provisions of the statute relating to justices and constables, particularly the sections thereof concerning the remedy afforded by the writ of *certiorari.*

The record presents for our determination the question whether the petition for the writ states facts sufficient to authorize the issuance of the writ under that statute, particularly section 3840, R. S. 1908, which reads as follows:

"The petition, on application for writs of *certiorari*, shall set forth and show upon the oath of the applicant that the judgment before the justice of the peace was not the result of negligence of the party praying for such writ, that the judgment, in his opinion, is erroneous and unjust, setting forth wherein the error and injustice consists, and that it was not in the power of the party to take an appeal in the ordinary way; setting forth the particular circumstances which prevented him from so doing."

The petition alleges, in substance, that all of the proceedings before the justice were had without notice to the defendant, and that he had no notice of the pendency of the action in time to appeal from the judgment; that the judgment was rendered on June 24, 1920, and a letter dated July 14, 1920 was sent by plaintiff's attorney to defendant's attorney informing them that plaintiff had secured a judgment; that at the time when defendant was thus notified of the judgment the time allowed by law for taking an appeal had long expired, and the defendant could not for that reason take an appeal in the ordinary way. The petition alleges that the judgment was not the result of defendant's negligence. It further alleges, in substance, that no cause of action existed against defendant but that defendant has a just claim against plaintiff in the sum of $312.75.

The petition fully complies with the requirements of section 3840 R. S. 1908, as contended by plaintiff in error. The defendant in error does not controvert this proposi-

tion, but contends that the trial court properly dismissed the petition because the same, and also the transcript of the proceedings in justice court, fail to show any irregularity in the proceedings. He then proceeds to quote from numerous opinions of this court and of our Court of Appeals where it was held, as in *Ellis v. People,* 15 Colo. App. 341, 345, 62 Pac. 232, that the proceedings in *certiorari* "are not had on the merits of the controversy, nor does the court go further ＊ ＊ ＊ than to ascertain whether the court below had jurisdiction to proceed." The cases cited by him are to the same effect as the recent case of *State Board of Medical Examiners v. Boulls,* 69 Colo. 361, 195 Pac. 325, where this court said that "the only question to be determined on a writ of *certiorari* is whether the inferior tribunal, or board, has exceeded its jurisdiction, or greatly abused the discretion allowed it."

The rule thus stated, in the case above cited, has reference only to proceedings upon writ of *certiorari* when brought under the provisions of the Code of Civil Procedure of 1908, section 331 thereof. In *Wood v. Lake,* 3 Colo. App. 284, 33 Pac. 80, it was held that the chapter concerning *certiorari* in the Code is entirely inapplicable to proceedings before a justice. This holding was modified in *Union Pacific Co. v. Wolfe,* 26 Colo. App. 567, 574, 144 Pac. 330, by the explanation that the Code provision is applicable "where questions of jurisdiction only are to be reviewed." Under the case last cited, a party may ignore the Code remedy, and proceed, as did the defendant in the instant case, solely under the statutory remedy. The opinion further states:

"The statutory writ may be issued by judges of the District and County Courts, but only to remove causes from before Justices of the Peace. Its purpose is to bring the case up for trial *de novo* upon the merits. It is a mere substitute for an appeal."—*State v. Harcourt,* 38 Colo. 243, 247, 88 Pac. 255—and is granted only when, for some reason, it is not within the power of the party to take an appeal in the ordinary way; and upon a petition showing

that the judgment before the justice was not the result of applicant's negligence; that the judgment, in his opinion, was erroneous and unjust, wherein such error and injustice consists, and the particular circumstances which prevented applicant from taking an appeal in the ordinary way. It provides no remedy for excess of jurisdiction or want of jurisdiction of the person."

To the same effect is the case of *Jones v. Rice,* 63 Colo. 112, 164 Pac. 1162.

The court erred in dismissing the petition. The judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT, and MR. JUSTICE DENISON concur.