No. 21197.

Emil J. Boecker *v.* People of the State of Colorado.
(404 P.2d 558)

Decided August 3, 1965.

Arthur W. Zarlengo, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, JOHN P. MOORE, Assistant, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE McWILLIAMS.

BOECKER was charged in the justice of the peace court in Denver with violating the short check statute, C.R.S. 1963, 40-14-20. Upon arraignment Boecker tendered a plea of nolo contendere, which plea was accepted by the justice of the peace on January 11, 1963. Thereafter Boecker was granted leave to apply for probation. After several continuances the matter eventually came on for hearing on July 11, 1963. On this date Boecker's application for probation was denied and he was thereupon sentenced to serve a term of ninety days in the county jail.

On that same date, July 11, 1963, Boecker, pursuant to C.R.S. 1963, 79-12-1, et seq., filed in the superior court in Denver a petition for a writ of certiorari. In this petition Boecker alleged, in effect, that he desired to appeal the aforementioned judgment and sentence but that he was prevented from doing so because the justice of the peace refused to accept his notice of appeal or approve his appeal bond or forward to the superior court "all papers with a transcript of his trial docket in the case." This refusal was said to be based on the ground that the justice of the peace was of the view that under the applicable statute Boecker had only ten days after his plea of nolo contendere was accepted within which to perfect his appeal and that his attempt to appeal only after he was sentenced was a belated one.

Upon hearing the superior court denied the aforementioned petition on the ground that Boecker had failed to perfect his appeal within the time prescribed by C.R.S. 1963, 79-15-10, and that accordingly he was not entitled to an "appeal" by means of statutory certiorari. In other words, the superior court, like the justice of the peace,

construed C.R.S. 1963, 79-15-10, as applied to Boecker, to mean that he had to perfect his appeal within ten days from the date his plea of nolo contendere was accepted by the justice of the peace, and that having failed to so do he was in no position to invoke the somewhat unusual statutory remedy of certiorari as provided by C.R.S. '63, 79-12-1, et seq. By writ of error Boecker now seeks reversal of the judgment of the superior court which dismissed his petition for a writ of certiorari.

■ Prior to 1959 one who pled guilty to a criminal charge, *i.e.,* a misdemeanor, before a justice of the peace could not after sentence was imposed "appeal" his judgment and sentence. See, *People v. Brown,* 87 Colo. 261, 286 Pac. 859. In 1959 the General Assembly amended C.R.S. '53, 79-13-2, to the end that "appeals from judgments of justices of the peace to the county court shall be granted in all cases including those where a plea of guilty has been entered. . . ." This amendment now appears as C.R.S. 1963, 79-13-2.

It is to be noted that this statute does not specifically provide for appeal where a plea of nolo contendere has been entered. However, counsel for Boecker and the Attorney General have considered a plea of nolo contendere to be the equivalent of a plea of guilty, at least insofar as this particular statute is concerned. We shall acquiesce in this agreement between counsel, reserving the issue as to whether there is any appeal from a plea of nolo contendere, as opposed to a plea of guilty, for such time as the matter is raised, briefed and argued.

It is the position of the Attorney General that the *action* taken by the superior court was proper, though he concedes that the *reason* advanced by the superior court for its action dismissing the petition for a writ of certiorari is quite probably erroneous. In other words, the Attorney General contends that from a procedural standpoint Boecker within ten days after he was sentenced should have at least attempted to appeal his plea of nolo contendere in the usual manner, *i.e.,* by filing timely

notice of appeal with the justice of the peace and by tendering an appeal bond for approval by the justice of the peace. The Attorney General goes on to say that having failed to do this, Boecker is now in no position to perfect this particular type of "appeal," *i.e.*, statutory certiorari, and to thereby obtain a trial de novo. With this general position we do not agree.

In *State Bank v. Harcourt*, 38 Colo. 243, 88 Pac. 855, it was said:

"The writ of *certiorari* mentioned in the chapter 'Concerning Justices and Constables' is a substitute for appeal and is intended to grant an appeal in unusual cases where the party, without negligence on his part, has been prevented from taking an appeal in an ordinary way.

\* \* \*

"After the cause is certified by the justice, and the petition finally disposed of, the writ becomes *functus officio*. The parties are then to try the issues raised in the justice's court before the county court."

In *Union Pacific Railroad Company v. Wolfe*, 26 Colo. App. 567, 144 Pac. 330, this court in like vein stated that the "statutory remedy [of certiorari] is for the purpose of securing a trial de novo of causes previously heard by justices of the peace, where, without fault on his part the petitioner is unable to take his appeal in an ordinary way." See also, *Alexon v. People, ex rel.*, 45 Colo. 285, 101 Pac. 54; and *Daily Waist Company v. Harris*, 71 Colo. 63, 203 Pac. 1094.

In the hearing in the superior court it was stipulated and agreed to by counsel for Boecker and the district attorney, who appeared in that court for the People, that "it was not within the power of the defendant [Boecker] to take an appeal to the superior court in the ordinary way because the said justice of the peace refused to certify the proceedings before him to the superior court on the ground that the statutory period for an appeal had expired." Under these circumstances — where Boecker

was admittedly unable to take an appeal in an ordinary way — the statutory remedy of certiorari is most certainly available to him. *Lex neminem cogit ad vana seu inutilia peragenda,* which in the instant case means that Boecker need not file a notice of appeal and tender an appeal bond, and the like, in the face of the unequivocal position of the justice of the peace that Boecker was just "too late."

The remaining question is whether the superior court was correct in its determination that Boecker had his opportunity to appeal his case in the usual manner and by his own inaction had lost this right when he failed to take appropriate action within ten days after his plea of nolo contendere. As already noted, the superior court was of the firm view that under C.R.S. 1963, 79-15-10 Boecker was required to appeal within ten days after the justice of the peace accepted his plea of nolo contendere. In this regard it is Boecker's position that under the applicable statute he had the right to appeal his case at any time within ten days after the justice of the peace entered a "judgment," which in his case was the date when his application for probation was denied, and contemporaneously therewith he was then sentenced to ninety days in the county jail. Furthermore, he claims that the position taken by the justice of the peace in connection therewith precluded him from appealing in the ordinary way. In our considered view Boecker's position is the correct one, and the superior court committed error in holding otherwise.

A rather obvious reason for the General Assembly authorizing an appeal from a plea of guilty entered in the justice of the peace court is to permit the defendant to appeal if he believes the sentence imposed upon him by the justice of the peace is too onerous. Application of the rule followed by the superior court to the instant case would mean that Boecker was required to appeal his plea of nolo contendere within ten days after his plea was accepted by the court and long *before* the justice of

the peace imposed sentence. And, of course, once an appeal thereof was duly perfected, then the justice of the peace would lose jurisdiction to impose any sentence. All of which would make for a rather awkward situation, to say the least! Fortunately, such interpretation of the applicable statutes is neither necessary nor warranted.

C.R.S. 1963, 79-13-2 specifically authorizes an appeal from a plea of guilty entered by a defendant to a misdemeanor charge in justice of the peace court. A reading of this statute clearly indicates that the appeal runs to the "judgment" of the justice of the peace, and not to the plea of guilty, as such.

The superior court was of the view, however, that C.R.S. 1963, 79-15-10 — which statute sets forth the method and procedure whereby an appeal from the justice of the peace court in a criminal proceeding should be perfected — required and indeed dictated a dismissal of Boecker's petition, inasmuch as Boecker failed to make timely effort to effect his appeal of his case, *i.e.*, within the ten days after he pled nolo contendere. We do not so read this statute. It is quite true that the statute initially states that the appeal shall be instituted within ten days "from the date of such conviction." But the statute then goes on to state that the first step in perfecting such an appeal is to file with the justice of the peace court a notice of appeal. And in this regard the statute says that such notice shall include, among other things, a "statement of the judgment, including its date and any fine or sentence imposed, and a statement that the appellant appeals from the judgment." This statute when read in its entirety clearly indicates that the appeal is from the "judgment" ultimately entered by the justice of the peace, and that such is true whether the judgment be based upon a plea of guilty or upon a conviction after a plea of not guilty.

Accordingly, the judgment of the superior court dismissing Boecker's petition is reversed and the cause re-

manded with the direction that the superior court grant the petition and issue the writ of certiorari. Upon the return of such writ by the justice of the peace, trial de novo in the superior court shall then ensue.

MR. JUSTICE DAY and MR. JUSTICE SCHAUER concur.