State v. White.

STATE v. CARL WHITE et al.

(*Knoxville.*  September Term, 1911.)

1. **CRIMINAL LAW.   Judgment must impose separate or several punishments against defendants jointly convicted, except in offenses requiring joint agency.**

Where two or more persons jointly presented or indicted are convicted, the judgment or sentence against them must impose separate or several punishments, unless the agency of two or more is the essence of the offense, as in conspiracy or riot; for each and every person who violates the criminal laws is subject to the whole penalty denounced.  (*Post, pp.* 145, 146.)

2. **SAME.   Same.   Punishment must be inflicted upon each for violation of four mile law.**

The provision of the four mile law (Acts 1909, ch. 1, restricting the sales of intoxicating liquors) that "any one" violating it "shall be punished by a fine for each offense of not less than fifty dollars nor more than five hundred dollars, and be imprisoned for a period of not less than thirty days nor more than six months," is mandatory, so that, where four persons were jointly convicted of violating the act, the court was bound at least to impose the minimum punishment on each defendant, and could not impose a joint fine and imprisonment on all.  (*Post, p.* 146.)

Acts cited and construed:  Acts 1909, ch. 1.

Cases cited and approved:  France v. State, 6 Bax., 478; Needener v. State, 1 Shannon's Cases, 374; Tarrant v. State, 4 Lea, 483; McCampbell v. State, 116 Tenn., 109.

3. **SAME.   Sentence of imprisonment cannot be suspended until next term.**

The court has no jurisdiction to suspend, until the next term, that part of the sentence imposing imprisonment upon defendants convicted of the violation of a criminal statute.  (*Post, pp.* 146, 147.)

State v. White.

4. **SAME.**    Same.    Unauthorized suspension of sentence of imprisonment presents no question after its expiration.

Where the period of unauthorized suspension of the sentence of imprisonment has expired, such suspension presents no live question to be passed upon by the supreme court. (*Post, p.* 147.)

FROM HAMILTON.

Writ of erorr to the Criminal Court of Hamilton County.—S. D. McREYNOLDS, Judge.

ATTORNEY-GENERAL CATES, for State.

WILLIAMS & LANCASTER, SPEARS & LYNCH, and E. H. WILLIAMS, for defendants.

MR. CHIEF JUSTICE SHIELDS delivered the opinion of the Court.

The defendants, Carl White, John H. Conner, Thos. P. Hagan and J. H. Kelly & Co., the latter a corporation, were jointly presented by the grand jury of Hamilton county, charged with unlawfully selling intoxicating liquors as a beverage in violation of chapter 1, Acts 1909, commonly known as the "Four Mile Law." The case was called for trial March 3, 1911, and upon a plea of guilty entered by White, Conner, and Hagan the court adjudged that they were guilty of the offense charged in the presentment, "and that for such offense they pay a joint fine of $100 and the costs of the case; and that, in

State v. White.

default of paying and securing said fine and costs, they be confined in the common jail or workhouse of Hamilton county until the same are worked out as prescribed by law."

The defendants were also severally adjudged as further punishment for their offense to be imprisoned for the term of sixty days, the execution of which latter judgment, however, was suspended until the next term of the court.

The case is now before us upon a writ of error prosecuted by the State. The error first assigned is that the trial judge erred in imposing a joint fine upon the three defendants for $100, the contention of the State being that a separate fine of not less than the minimum sum imposed by the statute, $50, should have been adjudged against each.

This contention is sound, and must be sustained. Where two or more persons jointly presented or indicted are convicted, the general rule is that the judgment and sentence against them must be separate. There may be but one judgment, but the sentence, the punishment, must be several. The only exceptions to ths rule are cases where the agency of two or more is of the essence of the offense, as in conspiracy and riot. Each and every one who violates the criminal laws is subject to the whole penalty denounced. There is no partnership in crime, and there can be no division of the punishment that follows its commission. Payment of a fine by one of several offenders cannot be allowed to relieve others

125 Tenn.—10

State v. White.

equally guilty any more than the imprisonment of one will satisfy the law as to others. The guilt of one neither enhances nor mitigates that of the others. Every one is answerable for his own offense. Where the law imposes a minimum fine for an offense committed, and several are jointly indicted, each one adjudged guilty is severally subject to it and must be so sentenced. Otherwise, one of them might be required to pay the entire joint fine imposed to obtain his liberty by the default of the others, and thus the latter escape all punishment. This would work injustice to defendants. The authorities upon this question seem to be in accord. Wharton's Pleading & Practice, sections 314-940; 19 Ency. Pl. & Pr., p. 468; Bishop's New Criminal Law, sections 954-957.

The four mile law provides that "any one" violating its provisions "shall be punished by a fine for each offense of not less than $50 nor more than $500 and be imprisoned for a period of not less than thirty days nor more than six months." This is mandatory. The courts have no discretion upon a verdict of guilty by a jury, or a plea of guilty, to impose less than the minimum nor more than the maximum fine and imprisonment prescribed upon each defendant. *France* v. *State*, 6 Baxt., 478; *Needoner* v. *State*, 1 Shan. Cas., 374; *Tarrant* v. *State*, 4 Lea, 483; *McCapbell* v. *State*, 116 Tenn., 109, 93 S. W., 100.

Error is also assigned upon the action of the trial judge in suspending the imprisonment severally imposed upon the defendants. While this action was beyond the power of the trial court as held in another case

· State v. White.

at this term, the period of the suspension appears to have expired, and therefore this is not a.live question to be passed upon in this case and is not done.

The judgment will be corrected so as to impose the minimum fine denounced by the statute upon each of the defendants, but for costs it will be joint, as there is only one case.