# No. 12,125.

## BARNHART, ET AL. *v.* BLANCHARD.

Decided July 2, 1928.

Mr. Hugo Selig, for plaintiffs in error.

Messrs. Bryant & Bell, for defendant in error.

*En Banc.*

Mr. Justice Campbell delivered the opinion of the court.

In a court of a justice of the peace James Barnhart and his wife were charged jointly with a violation of the so-called prohibition statute in that they had in their possession intoxicating liquors, and upon the trial before a jury they were found guilty and a fine of $100 was assessed against them jointly, upon which the court rendered a joint judgment of $100. Thereupon the defendants, without notice to the district attorney, applied to the district court for, and were awarded, the code writ of certiorari for a review of this judgment. The justice of the peace made his return to the writ and upon a hearing of the same, based upon the record or return, the district court quashed the writ and dismissed the petition. The defendants are here with their writ of error.

Our General Assembly has provided two different remedies for a review by certiorari of judgments of a justice of the peace. One is the so-called code remedy. In *Van Buren v. Posteraro,* 45 Colo. 588, 593, 102 Pac. 1067, this court held that the code remedy was available where a justice of the peace was wholly without jurisdiction, or greatly abused his discretion. In *Union Pacific Co. v. Wolfe,* 26 Colo. App. 567, 144 Pac. 330 where an appeal, or other remedy, did not afford a plain, speedy and adequate remedy, our Court of Appeals held that the second or statutory remedy was available, and it was a mere substitute for an appeal, and the party pursuing this remedy waives all questions as to the jurisdiction over the person. The selection by the defendants in this case of the code, rather than the statutory, remedy of

certiorari confessedly was made because, if the statutory remedy was chosen, the particular objection to the judgment of the justice of the peace would be waived; whereas such objection might be urged under the code remedy. Conceding, therefore, for our present purpose, but not so deciding, that the code remedy is appropriate to a criminal action, and that defendants have chosen the proper code remedy, because neither the appeal from the judgment under the statute authorizing appeals from a judgment of the justice court, nor the statutory remedy of certiorari, afforded a plain, speedy and adequate remedy, we proceed directly to a consideration of the judgment of the district court quashing the writ.

The general rule of substantive law is that, although there may be a joint prosecution in a criminal case of two or more defendants, if the jury finds the defendants guilty and is empowered to assess a penalty—and a jury in a justice of the peace court has such power—the fine or penalty imposed must be against the defendants severally and not jointly. To this general rule there are some exceptions and we think the present case falls within one of them.

In 24 Cyc. p. 781, it is said that to entitle a party to sue out a writ of certiorari to review a judgment rendered against him, it must appear that he is injured thereby. For the offense charged against these defendants jointly the statute imposes a minimum fine against each of not less than $100, and imprisonment may also be added. The defendants here are complaining of a judgment that, assuming their guilt, was lighter than the minimum judgment or fine that could be imposed against each of them. In other words, the smallest fine that the jury was authorized under the statute to assess was $100 against each, or $200 against both, and the verdict which was actually returned was $100 against both or, if separable at all, $50 against each. According to the authorities cited this irregularity in the fine did not entitle the defendants, as matter of right, jointly to sue out this writ

of certiorari, and for that reason alone the district court might properly quash that writ. The code writ of certiorari is restricted to jurisdictional questions only, or a great and manifest abuse of discretion. The justice of the peace certainly had jurisdiction of the person of the defendants and of the subject matter of the action. If it erred at all it was in carrying into the judgment a joint fine of $100 against both defendants instead of a fine of $100 against each. In *Barada & Barada v. State,* 13 Mo. 94, where, as in this case, defendants were jointly indicted or prosecuted, and the minimum penalty against each was not less than $50, nor more than $500, and the judgment imposed against the two defendants was for $50 jointly instead of $50 against each, it was held to be not to the injury or prejudice of either of them and, being in their favor, they were not entitled to relief upon a review by the supreme court. In *State v. White* (125 Tenn. 143), 140 S. W. 1059, Ann. Cas. 1913C, p. 74, a number of cases bearing on this question are collected in the note. In that case the Supreme Court of Tennessee, although holding that where two or more persons are jointly indicted or convicted, the sentence must be several, there is an exception to this rule where the agency of two or more is the essence of the defense. Yet in that case, which came upon writ of error by the state, the Supreme Court corrected the judgment, which was a joint judgment, so as to impose the minimum fine provided by the statute upon each of the defendants and assessed the costs against them jointly. In *Lemons v. State,* 50 Ala. 130, it was held that if two defendants charged jointly sold spirits as a firm composed of themselves as partners, they might be, as members of the firm, found guilty jointly and fined jointly if they acted in such capacity.

There is nothing in this record before us as to the capacity in which the defendants acted. They were husband and wife, living together as such. The jury found that they were jointly guilty of unlawfully having in their possession liquor contrary to the provisions of

the statute. They may have acted in such partnership capacity. However this may be, we think the district court here was justified in quashing the writ of certiorari because, on the assumption which we are entitled to make, that the parties were equally guilty, the minimum fine to be imposed upon each was by the verdict of the jury assessed against both. They were not entitled to certiorari because they were not injured by the judgment but rather it was in their interest severally. The judgment is affirmed.