**STATE of Tennessee, Appellee,**

v.

**Charles BRYANT and Larry Bryant, Appellants.**

Supreme Court of Tennessee, at Knoxville.

July 18, 1983.

**390**

J. Reed Dixon, Sweetwater, for appellants.

J. Andrew Hoyal II, Asst. Atty. Gen., William M. Leech, Jr., Atty. Gen. and Reporter, Nashville, for appellee.

## OPINION

DROWOTA, Justice.

Larry Bryant, Charles Bryant and Bill Teague were convicted in a joint trial of armed robbery and possessing a sawed-off shotgun. The facts developed at the trial court as to each Defendant were different as to actual involvement in the armed robbery, the use of a firearm in the commission of the offense, the place and circumstances of the arrest, and in prior criminal conduct and convictions. At the conclusion of the evidence in the case, the trial judge charged the jurors as follows: "You may remember that there are three defendants: you can find them all guilty or you can find them all innocent or you can find some guilty and some innocent, depending upon your proper assessment of the facts." The jury returned its verdict stating, "We, the jury, find the defendants guilty of armed robbery ... [a]nd set the sentence at life. And we find them guilty of possession of a sawed-off-shotgun and [a] sentence of two to five years." The Defendants contend the court's charge was insufficient to inform the jury of its duty of severally determining both the guilt and the punishment of each individual Defendant, and that the judge erred in refusing the following instructions, designed to inform the jury of this duty: "You will find a separate verdict for each defendant, considering the evidence against each defendant separately and individually assessing guilt or innocence and punishment." Because we agree with the Defendants' contention, we granted their Rule 11 application. Only the Defendants Larry Bryant and Charles Bryant have appealed to this Court.

A requested instruction may be unnecessary if the judge's main charge fully and fairly states the applicable law. *Edwards v. State,* 540 S.W.2d 641 (Tenn.1976). A criminal defendant has no right to have redundant instructions charged at his trial. Nor does he have a right to have irrelevant instructions charged. But he does have a right to instructions which state all the applicable law, and it is this right that prompts counsel to offer instructions which protect his client's interest in a fair deliberation by the jury. While our society has an interest in trying defendants together whenever practicable, it has a greater interest in providing fair trials for criminal defendants, trials which will determine as to each defendant, his responsibility to society for his offense and the punishment he deserves. And so, where criminal defendants are tried jointly, the jury is to assess punishments severally, as to each individual defendant. *Cf., State v. White,* 140 S.W. 1059, 125 Tenn. 143 (1911).

The instructions given by the trial court were insufficient to educate the jury of its duty to consider the Defendants individually in imposing punishment. The instructions did inform the jurors that they must consider the evidence against each

Defendant in determining his guilt. But the instructions were incomplete. The trial judge, in denying the proffered instruction, asserted his charge was similar. Such is not the case. The instructions given make no mention of the jury's duty to separately assess punishment, and we may not assume the jurors considered this duty. Indeed, the verdict forms used by the jury impliedly approve of punishments jointly fixed: "[A]nd fix their punishment at confinement in the state penitentiary for a minimum of _____ years and a maximum of _____ years, or in the county jail for _____, or a fine in the amount of _____ dollars . . ."

For the reasons stated above, we reverse the sentences imposed in the trial court and remand for new sentencing hearings.

FONES, C.J., and COOPER, BROCK and HARBISON, JJ., concur.