## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
### AT KNOXVILLE
### JANUARY 1999 SESSION

FILED

**May 4, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

**CHARLES BRYANT**              *        C.C.A. No. 03C01-9803-CR-00115

     Appellant,              *        MONROE COUNTY

vs.              *        Hon. James C. Witt, Sr., Judge

**STATE OF TENNESSEE,**              *        (Petition for Writ of Habeas Corpus)

     Appellee.              *


For Appellant:

Charles Bryant
MCRCF-BMCX
P.O. Box 2000
Wartburg, TN  37887

For Appellee:

John Knox Walkup
Attorney General and Reporter
425 Fifth Avenue North
Nashville, TN  37243-0493

Ellen H. Pollack
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
Nashville, TN  37243-0493


OPINION FILED: _____


AFFIRMED


NORMA MCGEE OGLE, JUDGE

## OPINION

The petitioner, Charles Bryant, appeals the Monroe County Criminal Court's summary dismissal of his petition for a writ of habeas corpus on February 13, 1998. The petitioner alleged in his petition that he should have been sentenced pursuant to the Criminal Sentencing Reform Act of 1982, and that his sentences are illegal and void. In contrast, in this appeal as of right, the petitioner asserts for the first time that he is entitled to additional sentencing credits. After a review of the record, we affirm the judgment of the trial court.

On May 14, 1981, the petitioner was convicted by a jury in the Monroe County Criminal Court of armed robbery and possession of a sawed-off shotgun. A jury imposed a sentence of life imprisonment for the armed robbery conviction and a sentence of two to five years for the illegal weapon conviction. The Supreme Court affirmed the petitioner's convictions, but set aside his sentences and remanded the petitioner's case for a new sentencing hearing. State v. Bryant, 654 S.W.2d 389 (Tenn. 1983).

A second jury imposed a sentence of forty-five years imprisonment for the armed robbery conviction and a sentence of three to five years for the illegal weapon conviction. The petitioner appealed his sentences to this court, claiming that the sentences are excessive. This court affirmed the jury's sentencing determinations. State v. Bryant, No. 97, 1986 WL 11493 (Tenn. Crim. App. at Knoxville, October 17, 1986).

On November 10, 1997, the petitioner filed the instant petition for a writ of habeas corpus, asserting that his sentences are illegal and void. In denying the petition without appointing counsel or conducting an evidentiary hearing, the trial

2

court concluded that the petition should be treated as a petition for post-conviction relief, and that the applicable statute of limitations had expired. Additionally, the trial court concluded that the petitioner was properly sentenced pursuant to the "law applicable at the time of the commission of the crime."

Initially, the procedural provisions of the habeas corpus statute are mandatory and must be scrupulously followed. Archer v. State, 851 S.W.2d 157, 165 (Tenn. 1993). Tenn. Code Ann. § 29-21-105 (1980) provides that a petition for habeas corpus relief should be filed in the court most convenient in point of distance to the applicant. The petitioner is incarcerated in Morgan County. Nevertheless, he filed his petition in Monroe County. Although the petitioner states that the records pertaining to his case are located in Monroe County, we have previously held that this contention does not constitute "sufficient reason" under Tenn. Code Ann. § 29-21-105 for filing a petition for a writ of habeas corpus in the court of conviction rather than the court closest to the applicant. See Muhammad v. State, No. 01C01-9707-CC-00300, 1997 WL 779095, at *1 (Tenn. Crim. App. at Nashville, December 18, 1997).

Moreover, the petitioner has not carried his burden of establishing either a void judgment or an illegal confinement. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). The remedy of the writ of habeas corpus is limited to relief from void and not merely voidable judgments. Archer, 851 S.W.2d at 163; Passarella, 891 S.W.2d at 626; Donald v. State, No. 01C01-9710-CR-00481, 1998 WL 468646, at *1 (Tenn. Crim. App. at Nashville, August 12, 1998), perm. to appeal denied, (Tenn. 1999). In other words, it must appear upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a court was without jurisdiction or authority to convict or sentence a defendant, or

3

that a defendant's sentence of imprisonment has expired. <u>Archer</u>, 851 S.W.2d at 164; <u>Ritchie v. State</u>, No. 03C01-9601-CC-00029, 1998 WL 855517, at *2 (Tenn. Crim. App. at Knoxville, December 10, 1998). Additionally, if a claim would necessarily involve investigation beyond the face of the judgment or the record of the proceedings, the claim will not be cognizable in habeas corpus proceedings. <u>See, e.g.</u>, <u>Martin v. State</u>, No. 02C01-9804-CC-00101, 1998 WL 467098, at *1 (Tenn. Crim. App. at Jackson, August 12, 1998).

The Habeas Corpus Act requires a court to review the petition and dismiss it unless it alleges a cognizable ground for relief. Tenn. Code Ann. §§ 29-21-101 to −109 (1980). In other words, a petition for a writ of habeas corpus may be summarily dismissed by the trial court without appointment of counsel, without an evidentiary hearing, and without the opportunity to amend the petition, if the face of the petition does not present a cognizable claim. <u>Mitchell v. Carlton</u>, No. 03C01-9704-CR-00125, 1998 WL 8505, at *2 (Tenn. Crim. App. at Knoxville, January 12, 1998). <u>See also</u> <u>State ex rel. Byrd v. Bomar</u>, 381 S.W.2d 280, 283 (Ten. 1964).

The petitioner asserted before the trial court that his sentences are excessive, because he should have been sentenced pursuant to the Criminal Sentencing Reform Act of 1982. We note that the petitioner did not address this issue in his brief before this court. In any case, this issue is without merit. The petitioner committed his offenses on January 6, 1981. <u>See</u> <u>Bryant</u>, No. 97, 1986 WL 11493, at *2. As noted above, the petitioner received a sentence of forty-five years for his armed robbery conviction and a sentence of three to five years for the illegal weapon conviction. Under the law in effect at the time of the petitioner's offenses, armed robbery carried a penalty ranging from ten years to life imprisonment. Tenn. Code. Ann. § 39-2-501 (1982). The crime of possession of a

4

sawed-off shotgun carried a penalty ranging from one year to five years. Tenn. Code. Ann. § 39-6-1713 (1982). The petitioner's sentences are well within these ranges. To the extent that the 1982 Sentencing Act would have produced different results, the 1982 Sentencing Act by its own terms only applied to offenses committed on or after July 1, 1982. Tenn. Code. Ann. § 40-35-112 (1982).

The petitioner also alleges for the first time on appeal that he is entitled to additional sentencing credits.[1] However, the petitioner does not contend that his sentences would be expired if the correct number of credits were applied. Moreover, we have previously held that the Department's calculation of sentencing credits is not a cognizable issue in habeas corpus proceedings. See, e.g., Jones v. Morgan, No. 01C01-9606-CC-00263, 1997 WL 284586, at *1 (Tenn. Crim. App. at Nashville), perm. to appeal denied, (Tenn. 1997); Leming v. State, No. 03C01-9603-CC-00119, 1997 WL 198782, at *1 (Tenn. Crim. App. at Knoxville, April 22, 1997); Williams v. McDonald, No. 02C01-9603-CR-00109, 1997 WL 106337, at *1 (Tenn. Crim. App. at Jackson, March 11, 1997).

Finally, to the extent that the petitioner has alleged grounds cognizable in post-conviction proceedings, we agree with the trial court that the applicable statute of limitations has expired. For all the foregoing reasons, we affirm the judgment of the trial court.

 

 

_____
Norma McGee Ogle, Judge

---

[1] Normally, a party may not adopt one position in the trial court, and advocate a different ground in this court. See, e.g., State v. Clardy, No. 01C01-9710-CC-00457, 1998 WL 917803, at *4 (Tenn. Crim. App. at Nashville, December 22, 1998). Nevertheless, in the interest of judicial economy, we will address the petitioner's contention.

CONCUR:


Not Participating
James Curwood Witt, Jr., Judge


_____
John K. Byers, Senior Judge